*267
 
 Gaston, Judge.
 

 As the law authorises an execution to be levied upon a growing crop as a chattel, it must afford the purchaser a remedy against all, who unlawlully disturb him in the enjoyment of it. What that remedy should be, seems to have occasioned some perplexity with the courts. In New York, it appears to be fully settled that the vendee of a growing crop acquires such an exclusive right to the possession of the land, whereon it grows, as to make that land
 
 his
 
 close, until the crop can be gathered and removed, and that therefore he may maintain trespass
 
 quare clausum fregit
 
 against any who enter thereon, without his leave.
 
 Stewart
 
 v.
 
 Doughty,
 
 9 Johns.
 
 108
 
 — Austin v.
 
 Sawyer,
 
 9 Cowen, 39. And this doctrine is avowedly founded on the analogy, which is thought to prevail, between the interest which is transferred by such a sale, and that which passes under the grant-of the vesture or of the herbage of the soil. Our researches and reflections have however brought us to a different conclusion.
 

 “ If a man hath twenty acres of land, and, by deed, grant to another and his heirs
 
 vesturam terra
 
 and maketh livery of seisin
 
 secundum formam charta,
 
 the land itself shall not pass, because he hath a particular right in the land; for thereby he shall not have the houses, timber, trees, mines, and other real things parcel of the inheritance, but he shall have the vesture of the land, that is, the corn, grass, under-wood, sweepage and the like; and he shall have an action of trespass
 
 quare clausum fregit”
 
 — Co. Lit. 4 b. “ The same law, if a man grant
 
 herbagium terra
 
 he hath a like particular right in the land, and shall have an action
 
 quare clausum
 
 fregit; but, by grant thereof, and livery made, the soil shall not pass as aforesaid. If a man let to B. the herbage of his woods, and after grant all his lands in the tenure, possession or occupation of B., the woods shall pass, for B. hath a particular possession and occupation, which is sufficient in this case” — Co Lit.
 
 ut supra.
 
 These positions of Lord Coke are universally regarded as laying down accurately the law in relation to the interests, which pass under a grant of the vesture, or of the herbage of land. A grant of this kind, therefore, doth pass,
 
 *268
 
 not indeed the whole land, but a particular right
 
 in the land itself
 
 — and for that purpose also, “a particular possession and occupation” of the land itself. It passes to the grantee, the exclusive right to the use and enjoyment of these profits as a parcel of the land; of consequence, the exclusive right to the profits themselves, and of consequence also, the exclusive possession thereof, as indispensable to the exercise of this right.
 
 Burt
 
 v.
 
 Moore, 5
 
 Term. 330. Wherever there is such an exclusive right to the possession, trespass
 
 quare clausum fregit
 
 will lie, because for that purpose the land is the
 
 close
 
 of the possessor.
 
 Wilson
 
 v.
 
 Mackwreth,
 
 3 Bur.
 
 1826
 
 — Hoe v.
 
 Taylor,
 
 Moore 365. But the law makes a pointed distinction, between those profits which are the spontaneous products of the earth or its permanent fruits, and the corn and other growth of the earth which are produced annually by labor and industry, and thence are called
 
 fructus industriales.
 
 The latter for most purposes are regarded as personal chattels. Upon
 
 the
 
 death of the owner of the land before they are gathered, they go to his executor and not his heir. Upon the termination of an estate of uncertain duration by an act other than that of the lessee, they belong to him as personal chattels, and do not go over to the owner of the soil — they are liable to be seized and sold under execution
 
 as
 
 personal chattels. — and a sale of them while growing) is not a contract or sale of land, or any interest in or concerning land under the statute of frauds, but a sale of
 
 goods. See Co.
 
 Litt. 55 a. b. and
 
 56
 
 a.
 
 Smith v. Tritt.
 
 1 Dev. & Bat.
 
 241
 
 — Evans v.
 
 Roberts,
 
 5 Barn. & Cress. 829. (12 E. C. L. R. 377.)
 
 Sconell v. Baxall,
 
 1 Young & Jac. 398. The vendee of the sheriff, therefore, purchaas personal chattels, not as a parcel of the land, and by the sale acquires no particular right in the land itself, whereon they are growing, nor any particular possession or occupation of the land. The law unquestionably annexeth to this transfer of the chattels whatever is necessary for the taking and enjoying thereof; and therefore in the language of Littleton, sect. 68, he who shall have the corn “ shall have also free
 
 entry, egress,
 
 and
 
 regress,
 
 to cut and carry away ?;he corn.” Lord Poke, commenting upon these words of Lit
 
 *269
 
 tleton, adds “ and the law in this case driveth him not to an action for the corn, but giveth him a speedy remedy
 
 to enter upon the land,
 
 and to take and carry it away, and compelleth him not to take it at one time, or to carry it away before it be ready to be carried; and therefore the law giveth
 
 all
 
 which is convenient, viz: free entry, egress, and regress as
 
 much as is necessary.”
 
 Co. Lit. 56 a. And he further remarks “ If the lessee” (whose uncertain term has been put an end to, without his fault, and who endeavors to enter to gather his growing crop) “ be disturbed of
 
 this way,
 
 which the law doth give unto him, he shall have his action
 
 upon his case
 
 and recover his damages; and this action the law doth give unto him, for, whenever the law giveth anything, it giveth also a remedy for the same.” Co. Lit.
 
 ut supra.
 
 From this, the conclusion seems unavoidable that the purchaser of the growing crop does not become the tenant of the land, but acquires as incidental to that purchase a temporary easement in nature of a right of way over the land. The com growing is his
 
 property,
 
 and, therefore, he may bring an action for that-Jout the law giveth him a
 
 more speedy remedy,
 
 not a further interest or property affecting the land itself. The law doth not make the land his close, but authorises him, although it be the close of another, to make entry thereon to obtain his property. And as it giveth him this right of way, it will give him compensation in damages in an action upon the case against any one, who disturbs him in the enjoyment of this right. This view is in accordance with that taken in a very learned and accurate work, Williams on Executors, vol. 1. page 460, where it is stated, “ When there is a right to emblements, the law gives a free
 
 entry, egress
 
 and
 
 regress,
 
 as much as is necessary, in order to cut and carry them away; but the emblements do not give a title to exclusive occupation.” It has been supposed that the case of
 
 Crosby
 
 v.
 
 Wadsworth,
 
 6 East. 601, countenances the doctrine, that the purchaser oí a growing crop of corn acquires an exclusive possession of the close, so that he may maintain trespass
 
 quare clausum fregit.
 
 It must be admitted that the distinction, which we believe to be the true one, between the transfer of a growing crop of corn,
 
 *270
 
 and of the growing herbage, was not pointedly taken in that case, but the case did not call for such a distinction. The contract there, was for a standing crop of mowing grass then gr0wing on the vendor’s land, and not of
 
 fructus industriales,
 
 and therefore was properly regarded as a contract respecting “an unsevered portion of the freehold, and not moveable goods, or personal chattels.” Lord Ellenborough’s remarks, 6 East. 610. But in the case of
 
 Evans
 
 v.
 
 Roberts,
 
 the distinction is drawn and fully recognized, and thereby, ás we think, much of the perplexity and confusion, which had been occasioned by not adverting to that distinction, removed from the subject. Our opinion upon this point is, that the aetion is properly brought as for a trespass on the plaintiff’s goods.
 

 
 *268
 
 The pase.of Trim Y? and approv?
 

 
 *270
 
 He, who arts or en-a°otUerS¡o the com-trespass, is trespasser,
 

 We see no error in that part of his Honor’s instructions, which informed the jury, that if, from the evidence, they believed the defendant McKay directed, aided, or encouraged the other defendant in the commission of the trespass,
 
 he
 
 als0 was üable as a trespasser. The Judge did not put McKay’s guilt upon the ground of a subsequent assent to the trespass of Bates, as the counsel for the defendants supposes, but upon the ground of previous or cotemporaneous direction, aid and encouragement. Whether the evidence proved such concurrence was a matter for the decision of the jury; lor we think there was evidence tending to prove it, and fit for their consideration.
 

 Per Curiam. Let the judgment be affirmed.