Trespass quare clausum fregit to recover damages for cutting down and using a number of pine saw-mill timber trees, and for cutting down and using pine cord wood, and not for cutting down and using pine rail timber, not needed not used for plantation purposes, upon a certain tract of land.
(187) The plaintiff produced a deed dated in July, 1800, from Archibald Reed to James Gee, of whom the defendant was the son and heir. This deed conveyed to the said James Gee the tract of land in question, called "the pine thicket," containing 200 acres, "to have and to hold the aforesaid tract or parcel of land, with all and singular the appurtenances to the same belonging or appertaining, reserving only to himself, the said Archibald Reed, and his heirs and assigns forever, all the saw-mill pine timber on the same land standing and being or which may hereafter stand or be on the said land or any part thereof, with full and absolute privilege of egress and regress in and upon the said land at all times for the purpose of cutting or taking away the said reserved timber, except only such timber as shall be at any time necessary for fencing and for plantation uses on the said land." And then followed the usual covenant of warranty. The plaintiff then produced a deed dated in February, 1803, from the said Archibald Reed to one David Anderson in which the description of the premises conveyed is as follows: "A certain piece or parcel of land in the said county of Cumberland, situate, lying, and being as follows, `beginning, etc. (here the boundaries are described), being the same land which was sold to James Gee some years ago, and the saw-mill timber excluded, which saw-mill timber on said land the said A. Reed only sells to David Anderson and his heirs, etc., forever, and the said A. Reed doth warrant and defend the same to the said David Anderson and his heirs forever, and that the said D. Anderson shall at all times and when he pleases go upon the said land and take off and cut down any such saw-mill timber as he thinks proper, free from any hindrance or molestation whatsoever from the owner of the said land or any other person or persons." By virtue of an execution issuing on a judgment against the said David Anderson, the sheriff sold, and by deed bearing date 4 November, 1818, conveying, to Jonathan Evans in fee "a certain piece or parcel of land, etc. (describing it,) being the same land sold by Archibald Reed to James Gee on 15 July, 1800, and all of the pine saw-mill timber excepted thereon, which said pine saw-mill timber was sold by the said (188) A. Reed to D. Anderson by deed bearing date 28 February, 1803; and it is the true intent and meaning of this instrument to sell and convey only the pine saw-mill timber which now is and which ever hereafter shall be on the aforesaid 200 acres of land, with all the rights and privileges vested in the said D. Anderson." Jonathan Evans on the *Page 145 
same day, by deed, conveyed to the plaintiff all that had been conveyed to him by the said deed of the sheriff.
It was in evidence that the tract of land called the "Pine Thicket" had never been cleared except about 3 acres, upon which was a house inhabited, and that nearly the entire growth thereof was pine; that the widow of James Gee, after his death, which happened nearly forty years ago, had used the land without stint as her won, and enjoyed more than twenty years actual possession of it, and there was no proof that the plaintiff, or those under whom he claimed, had ever exercised the right of getting saw-mill timber on the said land, but it was in proof that he had got some rails thereon about the time of the alleged trespass by the defendant, and also that the defendant acted under his mother's authority. It was also in evidence that the defendant admitted he had cut down for market about 30 cords of pine wood, but denied that he had cut down any trees fit for saw-mill timber; and it was also proved that at divers times the defendant had cut down pine wood for the use of his mother's plantation adjoining, though no times were fixed upon as those at which the acts were done.
It was insisted by the defendant that the plaintiff could not recover in this action:
1. Because the reservation in the deed from Reed to Gee was void as a reservation.
2. That it could not operate legally as an exception, and therefore (1) that Reed had nothing in him to convey to Anderson; and (20) that even if Reed had anything in him and had conveyed to Anderson, the judgment, execution, and sheriff's deed had not conveyed that interest from Anderson to Evans.
3. That the plaintiff, and those under whom he claimed, had lost their right by lapse of time, there being no proof of its having ever been exercised. (189)
4. That, supposing the exception in the deed from Reed to Gee to be valid, there was an exception to an exception which gave Gee a right to use even saw-mill pine timber when necessary for fencing or other plantation uses, and that the proof was that any timber of any description taken by the defendant had been for fencing or other plantation uses.
5. That there was no proof that any saw-mill pine timber had been used or taken by the defendant for any purpose.
6. The defendant relied on the statute of limitations.
7. That the action of trespass quare clausum fregit was not the proper action, if the plaintiff could maintain any action.
His Honor charged the jury. Reserving all other questions which had been raised by the defendant in this cause, he left it to them to say *Page 146 
whether the defendant had at any time within three years before the institution of the plaintiff's action cut down or otherwise used or destroyed any pine trees fit for saw-mill timber not necessary for fencing the land or other plantation uses, or had commanded the same to be done or had assented to its being done before or afterwards or had taken benefit thereof. For the present, he held the action to be properly brought, and that the plaintiff had a right to all the saw-mill pine timber which might at any time be standing on the said land, subject to the exception that the defendant might use as much thereof as might be necessary for fencing or other plantation uses on the said land. What was saw-mill pine timber? was a question for them; and having ascertained what was saw-mill pine timber from the evidence submitted to them, they were next to inquire if the defendant had used or caused to be used, at any time within three years before the plaintiff's suit, any such timber; and if so, whether it was necessary for fencing or other plantation uses on the said land; and if they so found, they would assess the plaintiff's damages accordingly; otherwise they should find for the defendant. The jury found a verdict for the defendant.
The plaintiff moved for a new trial: (1) Because his Honor did not, as requested, charge the jury that if the defendant cut or used (190) any pine timber which might thereafter have become fit for sawmill timber, unless it was necessary for fencing or other plantation uses, he was guilty of a trespass. (2) Because his Honor did not charge the jury that if the defendant cut or used (or caused it to be done) any pine timber fit for saw-mill purposes, he was guilty of a trespass, whether the same was applied to fencing or other necessary plantation uses on said land or not. A new trial was refused, and judgment being rendered pursuant to the verdict the plaintiff appealed.
The plaintiff contends that the judge should have charged the jury that he was entitled to recover if the defendant cut down on the said land pine trees or saplings growing and progressing to timber, and which would in timber become saw-mill timber, provided they had not been thus prematurely cut down. He insists that he, as assignee, had a title to such growing pine trees and saplings under the reservation in Reed's deed to Gee "of all the saw-mill pine timber on the same land standing and being, or which mayhereafter stand or be on the said land." It seems to us, however, that the reservation in Reed's deed embraced only the saw-mill pine timber that was then standing, with a contingent use to him and his heirs and assigns to any pine timber *Page 147 
standing on the land when it by growth had become fit for saw-mill purposes. The reservation is not of all kinds of trees, but only of the pines, and not of all the pines, but only of saw-mill pines. Whilst the pine trees were saplings were in an unfit state for saw-mill timber, they were a part of the residue of the inheritance, and might be used with that residue by the owner of the same in any manner he pleased; but when any of the trees and saplings by full growth became timber fit to be used at the saw-mill, then there would be a cesser of estate in those trees by the owner of the land and an use in the said timber trees would spring up and vest in him, whoever he was, who would deduce his title under the said reservation, with a perpetual license to enter and (191) cut and carry away the timber. Clap v. Draper, 4 Mass. 266, where much of the learning on this subject is to be found. It could never have been intended by Reed, when he made the reservation, that the 200-acre tract of land should be a perpetual plantation for the raising of pine timber for this benefit; but Reed in his deed conveyed to Anderson and hisheirs forever "the saw-mill timber only." The plaintiff has therefore only the interest that was in Anderson by force of the deed from the sheriff to Evans. It would seem that Evans only got what was then of full growth for timber; but at all events, until the pine trees became fit for saw-mill timber, Reed or the plaintiff had no title in them. No use in the trees could until then spring up for his benefit. It seems to us that the plaintiff had no title in the trees that were cut by the defendant. If he had, this action, was the proper one for his redress. See the above cited authority and Brittain v. McKay, 23 N.C. 265.
PER CURIAM. No error.
Cited: Guion v. Murray, post, 520; Whitted v. Smith, 47 N.C. 38; Gricev. Wright, ib., 185; Hardison v. Lumber Co., 136 N.C. 176; Kelly v.Lumber Co., 157 N.C. 178; Veneer Co. v. Ange, 165 N.C. 59.
(192)