The C.C.P. sec. 343, provides, that a party to an action may be a witness in his own behalf, "Provided, that no party, etc., shall be examined in regard to any transaction or communication, between himself and a person, who, at the time of the examination is dead."
The reason for the exception is apparent. There could never be a recovery against an unscrupulous party, if he were permitted to testify where it would be impossible to contradict him. The statute ought to be construed in view of this mischief.
His Honor held, properly, that the defendant could not testify as to what passed between himself and the deceased testator, Harshaw. But his Honor permitted him to testify as to what passed between said Harshaw and Pearson, both of whom were dead at the time of his examination. This was, doubtless, upon the idea that the defendant was not a party to the conversation — that it was not "between himself and them." And, in that was his Honor's error. The case states, that defendant and Harshaw, by agreement, went to Pearson to advise with him about the matter in dispute, that they were all together, but Harshaw and Pearson carried on the conversation, and Pearson gave his advice, and Harshaw acted upon it. It is striking in the dark to say that this transaction was not "between the defendant and Harshaw." It was a transaction between them, and the defendant ought not to have been allowed to speak of it.
The question will, doubtless, frequently arise in practice, whether a party who offers himself as a witness, can testify to a transaction or *Page 69 
communication not directly between himself and a person deceased, but between two other persons, both of whom are dead (90) — as for instance, whether if in this case he had overheard Harshaw and Pearson talking together. The mischief intended to be guarded against, is, a party's testifying in regard to a matter where it is impossible to contradict him if he swears falsely. That is often allowed to witnesses who have no interest in the matter; and the ordinary presumption in favor of human veracity is the safeguard; but, whether an interested witness, the party to the suit, is to be allowed the same privilege is a grave question. It is not necessary to be decided in this case, and we leave it for discussion and future consideration.
In the cases of Peoples v. Maxwell, 64 N.C. 313, and Whitesides v.Green, Ibid 308, kindred questions to the one involved in this case were decided, and these cases are approved.
There is error.
Per curiam.
Venire de novo.
Cited: Dobbins v. Osborne, 67 N.C. 260; Bryant v. Morris, 69 N.C. 448;Barlow v. Norfleet, 72 N.C. 539; Lockhart v. Bell, 90 N.C. 504; McRae v.Mallory, 90 N.C. 525; Rush v. Steed, 91 N.C. 229; Loftin v. Loftin,96 N.C. 99; Vester v. Collins, 101 N.C. 118; Carey v. Carey,104 N.C. 174; Sawyer v. Grandy, 113 N.C. 45; Johnson v. Rich,118 N.C. 269; Blake v. Blake, 120 N.C. 180; Wilson v. Featherston,122 N.C. 749; Smith v. Moore, 142 N.C. 284; Brown v. Adams,174 N.C. 494, 502.
(91)