# Hendrix v. The State.

### Indictment for Assault and Battery.

1. *Assault and battery; retaking possession of stolen property.* — An assault and battery cannot be justified, excused, or extenuated, by evidence showing that the person assaulted had possession of the defendant's horse which had been stolen, and refused to surrender it on demand.

2. *Oath of petit jury.* — Where the jury are sworn, in a criminal case, " well and truly to try the issue joined, and true verdict to render according to the evidence " (Rev. Code, § 4092), this is a substantial compliance with the statute.

FROM the Circuit Court of Colbert.

Tried before the Hon. JAMES S. CLARK.

E. A. O'NEAL and J. B. MOORE, for the defendant.

BEN. GARDNER, Attorney General, for the State.

BRICKELL, J. — The defendant was indicted for an assault and battery on one Dallas Parvin. Evidence was offered on the trial, tending to prove the commission of the assault and battery, and to show that it was caused by the refusal of the prosecutor to give up to the defendant possession of a mare which he was riding, and which was claimed by the defendant. The defendant offered to prove that the mare was his property, and had been stolen from him, a short time before, in Lauderdale county. The State objected to the admission of this evidence, and the court sustained the objection; and this ruling of the court, to which an exception was reserved by the defendant, is now assigned as error.

If the true owner is deprived of the possession of his property, by fraud, force, or any other illegality, he may lawfully reclaim and retake it, whenever he can do so without a breach of the peace. But, as is said by Blackstone, " The public peace is a superior consideration to any one man's private property ; and as, if individuals were once allowed to use private force as a remedy for private injuries, all social justice must cease, the strong would give law to the weak, and every man would revert to a state of nature ; for these reasons, it is provided that this natural right of recaption shall never be exerted, where such exertion must occasion strife and bodily contention, or endanger the peace of society." 3 Wendell's Blackstone, 4. If the evidence offered had been admitted, it could not have justified, excused, or mitigated the offence with which the defendant was charged. If his purpose was to reclaim his horse, he should have sought that purpose, not by violence, but through the peaceful remedies of the law. The law cannot countenance

the substitution of physical violence in the place of these remedies. The court did not err in the exclusion of the evidence.

2. There was no error in the oath administered to the jury. They were sworn " well and truly to try the issue joined, and true verdict to render according to the evidence." This is a substantial compliance with the statute (Rev. Code, §. 4092), and nothing more is required. The judgment is affirmed.