### THE STATE v. FLOYD KING.

*Larceny—Landlord and Tenant—Indictment—Personal Property.*

1. Turpentine in "boxes" cut into the trees ready to be dipped, is personal property and is the subject of larceny.
2. If the crop is in the *actual* possession of the landlord, though undivided, the tenant may be convicted of larceny for feloniously taking and carrying it away : and the ownership of the property will be laid properly in the name of the landlord.

(*State* v. *Moore,* 11 Ired., 70; *State* v. *Copeland,* 86 N. C., 691, and *State* v. *Webb,* 87 N. C., 558, cited).

This was an INDICTMENT for larceny, tried before *Connor, Judge,* at October Term, 1887, of ROBESON Superior Court.

The defendant was charged with having stolen turpentine, the property of one Wm. M. White, the prosecutor, and who testified in substance that in July, 1887, the defendant dipped turpentine from boxes on his land and sold it; that he (witness) was the owner of the trees from which the turpentine was dipped and the turpentine was his property; that the defendant first denied taking the turpentine, but afterward acknowledged that he took it and offered to pay for it.

Upon cross-examination he said that the defendant had rented and worked the boxes in 1886, paying one-third for rent and keeping two-thirds; that at the time of the acknowledgment of the taking the defendant also said that he thought he had a right to it, as he had left some turpentine in the boxes when he ceased to work them the year before; that at and before the time of the alleged taking the crop of trees from which the turpentine was dipped was rented to one Peter Currie, and witness was to receive one-third from Currie for rent of the boxes; that the turpentine was undivided when the defendant dipped it out.

Peter Currie testified in substance the same as White.

The defendant introduced no evidence. He requested his Honor to instruct the jury "that they could not find him guilty upon the indictment, for that the property was laid in the indictment as that of Wm. M. White, and the proof was that it was the property of Peter Currie, and Wm. M. White was only entitled to a portion of it as rent."

His Honor held that, "under the landlord and tenant act, the property was in the prosecutor, and sufficiently laid if the jury believe the evidence." The defendant excepted.

There was a verdict of guilty. Motion in arrest of judgment. Motion overruled and appeal.

*The Attorney General* and *Mr. E. C. Smith,* for the State.
*Mr. John S. Lewis* filed a brief for the defendant.

DAVIS, J., (after stating the case). Turpentine, when in boxes ready to be dipped, is personal property. It is no longer a part of the tree, but has been separated by a process of labor and cultivation, and may be the subject of larceny. *State* v. *Moore*, 11 Ired., 70.

*The Code*, §1762, declares that leases, or contracts to lease turpentine trees, shall be subject to all the provisions of the chapter entitled "Landlord and Tenant" (chapter 40 of *The Code*), and the turpentine is, therefore, deemed and held to be vested in possession of the lessor, as other crops, under what is known as the "Landlord and Tenant Act."

In *State* v. *Copeland*, 86 N. C., 691, it was held that the cropper or lessee could not be convicted of larceny for appropriating the crop to his own use before delivery to the landlord, though done with a felonious intent, because he was in the *actual* and rightful possession, and there could be no *taking* in a legal sense; but if the crop had been put in the *actual* possession of the landlord, though undivided, it would have been different, as was held in *State* v. *Webb*, 87 N. C., 558, where the defendant, a tenant, was indicted and convicted for stealing wheat, the property of his landlord, which had been harvested and threshed, and, before any division, stored in a house on the premises, the door to which was locked and the key kept by the landlord. The Court said that he was guilty, notwithstanding his interest in the property.

The ownership of the property was rightly laid in the prosecutor, and there was no error in the charge of his Honor.

No error.