## Gardner *v.* Lanford.

*Bill in Equity for Redemption, by Judgment Debtor.*

1. *Redemption of lands under statute; right to growing crops, as between tenant and redemptioner.*—When a judgment debtor, whose lands have been sold under execution, seeks to redeem from the purchaser (Code, § 1879).he is not entitled. to the outstanding crops on the land, as against a tenant by the year of the purchaser at execution sale.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 26th September, 1888, by Alfred V. Gardner, against R. H. Lanford and others; and sought to redeem certain lands, which had been sold under execution against the complainant on the 27th September, 1886, and bought at the sale by said Lanford, the other defendants being his tenants. The only question in the case, as now presented, was the right to the outstanding crops on the land on the 24th September, 1888, when the offer to redeem was made. On demurrer to the bill, so far as it set up a claim to the crops, the chancellor ruled against the complainant's right; and this part of the decree is here assigned as error by the complainant.

WATTS & SON, and S. W. JOHN, for appellant, cited *Samson v. Rose*, 65 U. S. 416; *Crews v. Pendleton*, 1 Leigh, 297; 19 Amer. Dec. 750; 2 Jones on Mortgages, §§ 1654, 1658; Freeman on Executions, §§ 321-2; 2 Taylor's Land. & Tenant, § 537; 1 Doug. 21; 2 Dev. Eq. 420; 25 Amer. Dec. 721; 24 Wisc. 295; 1 Washb. Real Property, 10, § 5; *Gerald v. Morris*, 54 Ala. 307; *Posey v. Pressly*, 60 Ala. 243; *Otis v. McMillan*, 70 Ala. 46; *Carlin v. Jones*, 55 Ala. 624; *Searcy v. Oates*, 68 Ala. 111; *Cramer v. Watson*, 73 Ala. 127; *Spoor v. Phillips*, 27 Ala. 193; 10 Johns. 359; Tied. R. P., § 71; 1 Shep. Touchstone, 121; 4 Amer. & Eng. Encyc. Law, *Crops*, § 2;·4 Kent, 127; 5 Ohio St. 45; 9 Watts, 46; 5 Oregon, 397.

WHITE & WHITE, *contra*, cited *Price v. Pickett*, 21 Ala. 739; 2 Wait's Actions & Defenses, 221-24; 4 Kent, 109,

[Gardner v. Lanford.]

mar.; *Weems v. Bryan*, 21 Ala. 303; Benj. Sales, 109; Tied. R. P. § 71; 1 Washb. R. P. 132; *Camp v. Simon*, 34 Ala. 127; *Otis v. McMillan*, 70 Ala. 46, 62; *Spoor v. Phillips*, 27 Ala. 193.

McCLELLAN, J.—Appellant's lands were sold under execution on September 27, 1886, and bought by appellee Lanford. A part of the land being in the possession of the purchaser in 1888, he rented it for that year to appellees, Tarel and King, who entered thereon as his tenants, cultivated the land, and had a valuable crop outstanding on it on the 24th day of September, 1888, at which time a tender and offer to redeem was made by appellant, which was declined by Lanford, and to effectuate which the bill in this case was filed. The bill contains, besides the usual allegations for redemption, other averments which set up a claim to the outstanding crops, and makes a case, on the assumption of the soundness of this claim, for an injunction to prevent the gathering and removal of the crops by the defendants. The injunction was issued in accordance with the prayer of the bill, for this and other purposes, not important to consider here, and afterwards, by agreement of parties, a receiver was appointed for the crops. Demurrers were interposed to the bill generally, for want of equity, and specially to those parts of it which asserted complainant's right to the crops, and sought an injunction with respect to them. The cause being submitted on the bill and demurrers, the chancellor overruled those grounds of objection which went to the general equity of the bill, and sustained the demurrers which set up the invalidity of complainant's claim to the crops. The decree in this last particular is assigned as error.

The one question presented by the record is, whether the tenant of a purchaser at execution sale, or the debtor who exercises the statutory right of redemption, is entitled to the crops growing on the lands at the time of redemption. The solution of this question depends, in our judgment, on the character of the tenancy of Tarel and King. There can be, of course, no doubt that Lanford acquired the entire estate in these lands by the sale and conveyance of the sheriff. That which was left in the judgment debtor was not property, but a mere right, by the exercise of which, in the mode pointed out by the statute, he could revest the property in himself—a privilege which he might or might not avail him-

self of, and failing to exercise within the statutory limits of its existence, he forever lost. The rights of Lanford in the land, within the redemption period, were precisely the same they would have been after its expiration, except that until the time had elapsed his title was subject to the privilege of purchase by the debtor, or those claiming through him; and these rights embraced all that attend upon the ownership—among others, the right to the incomes and profits arising from the occupation of the land, and the right to lease it and to receive rents. He did lease it for the year 1888. His lessees were entitled to hold for that year, subject to a contingency which might terminate his estate and their tenancy before the end of the term. The contingency happened, the estate fell, and with it the tenancy terminated. It needs no argument to demonstrate, that the term of the lessees, contingent from its inception on the exercise of the statutory privilege of redemption by the debtor, the uncertain act of a third party, was itself uncertain, and, if the tender and offer to redeem were made in compliance with the law, was terminated at a time and in a manner which, in legal contemplation, was unexpected to the lessor and lessees. In such cases, the rule is universal, that the tenant is entitled to emblements, and, while his tenancy is at an end, he still has the rights of ingress, egress and regress, for the purpose of reaping what he has sown. Conceding the manifest uncertainty of the tenants' term, the authorities are uniform in support of the conclusion we have reached.— 2 Wait's Ac. & Def. 221—224; 4 Wait's Act. & Def. 352-3; 1 Wash. on Real Prop. 132; Tiedeman on Real Prop. 71; *Weems v. Bryan,* 21 Ala. 303; *Price v. Pickett,* 21 Ala. 739.

The result thus attained is not inconsistent with any adjudged case, or recognized text, which has been cited by counsel. Authorities are referred to, which hold that the redemption *eo instanti* reinvests the title in the debtor. There can be no doubt about the correctness of that proposition; but, so far as its effect on the question involved here is concerned, it but furnishes the predicate—the determination of the estates of the purchaser and his lessees in the land—upon which the doctrine of the tenants' subsequent right to emblements depends. The argument, that the tenants in this cause should not be allowed emblements because Lanford would not have been entitled to them, had he cultivated the land himself, would apply with equal force to all cases in which the lessee's term is defeated by the

[Ernst Brothers v. Hollis.]

lapse of the lessor's title, through the occurrence of an unforeseen event; to the emasculation of the salutary doctrine, which has existed since the days of feudalism, that whenever a tenancy, other than at sufferance, is, from the first, of uncertain duration, and is unexpectedly terminated without fault of the tenant, he is entitled to emblements.

It is settled in this State, that rents, which the purchaser has received, may be set off against his claim for permanent improvements; and doubtless rents which he had reserved, but which did not mature until after redemption, would, on general principles, belong to the redemptioner. It would be to the last degree inequitable, to allow the redemptioner, on the one hand, to set off the purchaser's claim for improvements with the rents he had received from the tenants, or to receive such rents if they fall due after redemption, and, on the other, to take from these tenants the crops grown on lands, the rent for which he had either received, or had the benefit of in his settlement with their landlord.

The effect of that part of the decree which is assigned as error, was to deny the complainant's right, under these circumstances, to the emblements; and it is

Affirmed.