[Dickens v. The State.]

# Dickens *v.* The State.

*Indictment for the Larceny of Crude Turpentine.*

1. *Pleading and practice; how exceptions reserved considered on appeal.*—A bill of exceptions is construed most strongly against the party excepting, and if it will admit of two constructions, one of which will reverse, and the other support the judgment, the latter construction will be adopted.

2. *Larceny; crude turpentine subject of larceny.*—Crude turpentine which has run from the top of a pine tree into boxes which were cut into the tree to serve as receptables for the turpentine, is, while in such boxes, the subject of larceny.

3. *Larceny of crude turpentine; when evil intent and felonious taking a question for the jury.*—On a trial under an indictment for the larceny of crude turpentine while in the boxes cut into the trees, where there was evidence tending to show that the defendant was dipping turpentine for a third party, and that he was not beyond the line of the property owned by such third party, and that the turpentine was taken from the boxes by the defendant in the day time, the question of evil intent and felonious taking which are ingredients of larceny, is a question for the jury, and the general affirmative charge requested by the defendant is properly refused.

APPEAL from the Circuit Court of Houston.

Tried before the Hon. H. A. PEARCE.

The appellant in this case, Ed Dickens, was indicted, tried and convicted of larceny of three gallons of crude turpentine.

The facts of the case are sufficiently stated in the opinion. Upon the introduction of all the evidence the defendant requested several charges. The recital of the bill of exceptions as to the request for these charges, and the charges themselves, were as follows: (1). "If the jury believe the evidence they will acquit the defendant." (2). "The court charges the jury that crude gum in the boxes is real property, and unless the jury believe from all the evidence beyond a reasonable doubt, that the defendant, after the severance, feloniously took and

4c

carried away the property, then they must acquit the defendant." (3.) "If the jury believe the evidence, they will find the defendant not guilty."

W. L. LEE, for appellant.

MASSEY WILSON, Attorney-General, for the State, cited *State v. Moore,* 11 Ired. (33 N. C.) 70; *State v. King,* 98 N. C. 648; *Holly v. State,* 54 Ala. 238; *Sullins v. State,* 53 Ala. 474.

DENSON, J.—The defendant was indicted for the larceny of three gallons of crude turpentine.

E. R. Register, for the State, testified that he owned certain turpentine boxes in Houston county; that the defendant worked some boxes adjoining witness'; that in June, 1903, the defendant and one Ed Ward were on his land; that when witness left for dinner he left some boxes near the line undipped; that when he returned, the boxes had been dipped, and that the gum dipped was worth one dollar and a half; that the defendant was near one box in the attitude of dipping, and witness asked him what he was doing and the defendant walked off. That the defendant in January of 1903, pointed out the line between the boxes and witness' boxes, and that defendant was across the line that he pointed out. That the gum was in the box and the box was a part of the trees and was cut into the trees that year. The witness was asked, "How do you hold the boxes?" He answered by a lease and the lease is in writing. The defendant moved to exclude the answer on the ground that there was higher evidence of the lease, and that it was incompetent, the court overruled the motion, and the defendant excepted.

It does not plainly appear from the bill of exceptions whether or not the above question was asked by the defendant or solicitor. But it does appear from the bill that the witness had just testified that he held by a written lease and had not the lease present, and on motion of the defendant the court excluded the evidence. Then immediately follows in a separate paragraph in the bill,

the word, "Examination," the question above set out, then the answer of the witness above quoted, and which the court declined to exclude.

"A bill of exceptions is construed most strongly against the party excepting, and if it will admit of two constructions, one of which will reverse, and the other support the judgment, the latter construction will be adopted."—*McGhee's case,* 52 Ala. 224; 1 Brick. Dig. 251, § 126. A reasonable construction of the bill of exceptions is, that the question was asked by the defendant and the answer which the defendant moved to exclude was drawn out by that question. Adopting this construction, the court committed no error in overruling the motion to exclude the evidence, for the answer given by the witness was directly responsive to the question, and if it should be conceded that the answer was illegal evidence, yet the court was under no duty to exclude it on motion of the party who introduced it.—*Toliver's case,* 94 Ala. 111; *Wright's case,* 108 Ala. 60.

Ward, a witness for the State, testified that he and the defendant dipped some boxes where Register testified that defendant dipped; that it was just after dinner; that it was on Mr. Pope's land as witness understood the land which defendant was working, and that he was hired by the defendant.

The defendant testified that he dipped the boxes, but that they were the boxes of Mr. Pope and he was working the boxes on halves. That he did in January, 1903, point out the line to Register, and he was not over the line so pointed out. That he remained in the woods and dipped the remainder of the day, and that Register also remained and dipped.

One question presented by the affirmative charge, is, whether or not crude turpentine which had run from the body of the tree above into boxes which were cut into the tree to serve as receptacles for the turpentine, was the subject of larceny. This identical question has never been presented to this court for decision, but we are relieved of difficulty in the decision of it by the fact, that the question was considered by the Supreme Court of North Carolina, in the case of *The State v. William*

[Dickens v. The State.]

*Moore,* 11 Ired. 70, and in what appears to us, a well considered opinion by RUFFIN, C. J., the court answered the question in the affirmative. In this opinion the court, after reciting the means by which the turpentine was made to flow, uses this language: "such being the process in this business, it seems clear, that turpentine, when in the boxes in the state to be dipped up, is personality. It no longer forms a part of the tree, but it exists separate from the tree, and has been separated by a process of labor and cultivation. The box, though in the tree, is but a convenient receptacle for the turpentine, after it has been extracted or has been made to exude from the pores, which contained it, while in the tree, as a part of it. When it ceases to be a part of the tree, it necessarily becomes a chattel." This case was reaffirmed and followed in the case of *The State v. King,* 98 N. C. 648. We think the reasoning employed by the eminent jurist in the case from which the above extract was taken is sound, and that the conclusion there reached is correct. We, therefore, hold that the turpentine was the subject of larceny.

If the defendant at the time he dipped the turpentine did it under the honest belief that it was within Pope's land line, and that it belonged to Pope, then the evil intent which is an ingredient of larceny would have been lacking, but this question the court could not properly take away from the jury, and also the question whether or not from all the evidence, the taking of the turpentine was done feloniously, notwithstanding the taking might have been openly done, was properly left for the jury to determine.—*Bonner's case,* 125 Ala. 49; *Talbert's case,* 121 Ala. 33; *Dozier's case,* 130 Ala. 57. It follows that the charges requested by the defendant were properly refused.

Considering the view we have taken of the case, it is unnecessary to determine whether the charges of defendant were presented as an entirety.

No error having been found in the record, the judgment of conviction is affirmed.

Affirmed.

MCCLELLAN, C.J., TYSON and DOWELL, J.J., concurring.