# Florala Sawmill Co., *et al, v. J. T. Parrish, et al.*

*Bill to Enjoin Use of Premises After Termination of Lease.*

(Decided April 23, 1908. 46 South. 461.)

1. *Appeal; Decree to Sustain; Dissolving Injunction.*—Where it appeared that the chancellor entered a decree enjoining respondents from going upon the lands and chipping the pine trees and removing the dip and scrape, and afterwards entered a decree dissolving the injunction as to entering upon the lands and removing the dip and scrape, but retained the injunction as to the chipping of the trees, such latter decree modifying the former decree is a decree from which an appeal will lie under section 428, Code 1896.

2. *Landlord and Tenant; Termination of Tenancy; Rights of Parties.*—As between landlord and tenant, where the termination of the tenancy is uncertain, the tenant on the termination of the tenancy by the happening of the uncertain event is entitled to emblements, but where the tenancy is for a certain period the tenant is not entitled to emblements on the termination of the tenancy; and a tenant has a reasonable time after the termination of the tenancy to enter on the premises and remove emblements to which he is entitled, and he may within a reasonable time after the termination of a definite tenancy enter on the premises and remove property belonging to him not coming under the definition of emblements.

3. *Same; Emblements.*—"Emblements," as between landlord and tenant, consist of such annual production of the soil as are raised by the tenant's labor, as corn, hops, flax, roots and the like, but does not extend to things not of annual growth and which do not require the labor of the tenant to produce, such as trees, fruit, grass, etc.

4. *Same.*—Where the tenancy is for a definite term, crude turpentine which has dripped from the tree and been caught in boxes prepared by the tenant for that purpose has become severed and is personality which may be removed within a reasonable time after the expiration of the tenancy; but the scrape being still attached to the tree is not personalty.

[Florala Sawmill Co. et al. v. J. T. Parrish, et al.]

APPEAL from Covington Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Florala Sawmill Company and others against J. T. Parrish and others. From a decree dissolving an injunction, complainants appeal. Affirmed in part, and in part reversed and rendered.

JONES & JONES, for appellant. As to the law of emblements the following authorities are cited by counsel: Coke on Littleton, sec. 55, a; *Whitmarsh v. Cutting,* 10 Johns 360; *Bain v. Clark,* 10 Johns 424; 9 N. H. 73; Taylor's Landlord & Tenant, secs. 534-5-6-7; Tiedman on Real property, secs. 7 and 59; *Gassett v. Drysdale,* 48 Mo. App. 430; *Miller v. Wahlford,* 119 Ind. 305; 8 A. & E. Ency of Law, pp. 229 18 Ib. 211; 30 Am. Dec. 560; Ib. 658; *Price v. Pickett,* 21 Ala. 741; *Gardner v. Landford,* 86 Ala. 508. As to whether or not turpentine and scrape are emblements counsel cite.—*State v. Moore,* 11 Ire. 70; *Brittain v. McKay,* 1 Ire. 265. They insist that the tenants were holding over after the expiration of their lease and that they were either trespassers or tenants at will.—*Robinson v. Holt,* 90 Ala. 115; *Woolf v. Woolf,* 69 Ala. 549; 30 Ark. 156; Sec. 2137, Code 896; *Ullman v. Herzberg,* 91 Ala. 458. Under the facts made by the bill the tenant was without right to enter and remove the property after the termination of the lease.—*Daniels v. Brown,* 69 Am. Dec. 505 and notes; 2 Blackstone, 147; *Ellis v. Page,* 1 Pick. 43; *Davis v. Johnson,* 13 Me. 209; *Moore v. Boyd,* 19 Me. 252; *Witt v. Mayor of New York,* 5 Robt. 48 and authorities supra. The motion to dismiss the appeal should be overruled.—Secs. 428 and 797, Code 1896; *Miller v. Bates,* 35 Ala. 580.

PARKS & RANKIN, for appellee. Dip and scrape are personal property.—*State v. King,* 98 N. C. 648; 11 Ire.

70; *Dickens v. The State,* 39 South. 14; *Lewis v. Mc-Nabb,* 65 N. C. 65; 1 Ire. 265; *Magnetic Ore co. v. Marbury Lbr. Co.* 104 Ala. 465; 59 Ala. 566; 28 A. & E. Ency of Law, 541. The bill does not show that respondent had a reasonable time after Nov. 1st, to remove the dip and scrape.

SIMPSON, J.—The bill in this case was filed by the appellants against the appellees. The gravamen of the complaint is that after the expiration of a lease for turpentine purposes the respondents refused to deliver up the premises, but continued to "dip and scrape the turpentine from the pine timber and to remove the same from the land," are continuing to do so, and are insolvent. The bill prays for an injuction (which was granted) prohibiting respondents from "chipping, dipping, scraping, or streaking, or in any manner interfering with, the timber and turpentine on the lands." The chancellor, in his opinion, states that "it seems to be conceded by counsel for complainants and respondents that the only question presented to the court for decision is whether or not the respondents have the right, under the allegations of the bill, to go upon the lands * * * and within a reasonable time after the expiration of such lease remove the crude turpentine in the boxes and that which has formed on the body of the trees, usually known and called 'the dip and scrape.'" Inasmuch as the bill alleges that respondents refuse to deliver possession, and also prays that they be enjoined from "chipping," as well as "dipping and scraping," the chancellor confines his decree to dissolving the injunction "in so far as said injunction restrains the respondents from dipping or scraping any of the timber on the land described in the bill within a reasonable time, and removing from said lands within a reasonable

time any turpentine of respondents already dipped or scraped, and from going on said lands within a reasonable time for this purpose."

The appellee moves to dismiss the appeal, on the ground that section 428 of the Civil Code of 1896 provides for appeals from decrees sustaining, dissolving, or discharging injunctions, but does not provide for appeals from decrees modifying injunctions. There is no merit in this contention. The injunction is dissolved as to the main, if not really the only, point of contention in the case, and it would be too strained a constuction of the statute to hold that, because there were certain other minor matters mentioned in the injunction, the party could not appeal from the decree dissolving it as to the main point in the case.

The question, then, presents itself: What is the nature of the interest in the "scrape" and "dip," and what are the rights of the lessee, after the determination of his lease? There are certain fundamental principles which have a bearing upon this case, to wit: First, that as between landlord and tenant, where the termination of the tenancy is uncertain, as where the lease is for life, when the tenancy is brought to an end by the happening of the uncertain event, the tenant is entitled to emblements; but, second, where the tenancy is for a certain period, the tenant is not entitled to emblements on the termination of the tenancy; and, third, that the tenant has a reasonable time, after the termination of the tenancy, to enter upon the premises and remove emblements. 2 Taylor on Landlord & Tenant (9th Ed.) §§ 534, 536; 24 Cyc. p. 1070. As to property which belongs to the tenant, and which does not come under the definition of emblements, the tenant may, within a reasonable time after the termination of even a definite tenancy, enter upon the premises and remove the same.

C 30

24 Cyc. p. 113; *Daniels v. Brown*, 34 N. H. 454, 69 Am. Dec. 505, and note . So it becomes important, in this case, to determine whether the property in question came under the definition of emblements, or whether it was property which had been separated from the soil and had become the personal property of the tenant.

"Emblements" consist of such "annual productions of the soil as are raised by his labor, as corn, hops, flax, roots and the like." "But this right does not extend to things not of annual growth, and which do not require the labor of the tenant to produce them, being the permanent and natural product of the earth, such as trees, fruit, grass, etc." 2 Taylor on Landlord & tenant (9th Ed.) § 534; 15 Cyc. p. 537. It has been held that clover and hay are not emblements, because not the offspring of annual labor and cultivation.—*Evans v. Inglehart*, 6 Gill & J. (Md.) 173, 188. Possibly there may be some doubt as to the correctness of this case, as applied to the first crop of clover which has been sown by the tenant. In a later case the Supreme Court of Pennsylvania holds that uncut grass. is not emblements, but that "the vegetable chattels called 'emblements' are the corn and other growth of the earth, which are produced annually, not spontaneously, but by labor and industry, and hence are called 'fructus industriales.' "— *Reiff v. Reiff*, 64 Pa. 134, 137.

In so far as the "dip" is concerned, being the turpentine which has dripped from the trees and been caught in boxes prepared for that purposes, it seems clear that it has been severed from the realty and become the personal property of the tenant, which he might remove within a reasonable time after the expiration of the tenancy.—*State v. Moore*, 33 N. C. 70; *State v. King*, 98 N. C. 648, 4 S. E. 44; *Dickens v. State*, 142 Ala. 49, 51, 52, 39 South. 14, 110 Am. St. Rep. 17. As will be noticed,

from the terms of the decree appealed from, we are not dealing with the question of the right of a tenant to hold possession of the premises after the expiration of his term, but with the right of ingress and egress for the purpose of removing his property.

As to the "scrape" the question is more difficult. It is true that the Supreme Court of North Carolina has held that this "scrape" is not a part of the realty and may be removed by the tenant (*Lewis v. McNatt et al.,* 65 N. C. 63) ; but no authorities are cited in that case, save those cited above, and the case of *Brittain v. McKay* et al., 23 N. C. 265, 35 Am. Dec. 738, which makes the same distinction between "fructus industriales" and "fructus naturales" as is made in the authorities already cited. It seems, from the lucid description given by Chief Justice Ruffin (in the case of *State v. Moore, supra*) of the process of extracting the turpentine from the trees, that there is no cultivation to make the trees produce turpentine, but it is merely a process of catching that which the tree has naturally produced as it descends. The boxes are set to catch it, and the trees are "scored" above, in order to direct the current of the descending sap into the box; and in its descent a part of the sap adhers to the tree, hardens there, and, as stated in the case of *Lewis v. McNatt, supra,* "must be removed before the sap begins to flow in the subsequent spring, for then the new turpentine mingles with the old 'scrape.' " From the foregoing authorities it seems clear that the "scrape" could not be said to have been separated from the tree, so as to become the personal property of the tenant, for it was still adhering, as a part of the tree, like the fruit on a tree. Even if it could be considered as "fructus industriales," and therefore claimable as emblements, it could not be so claimed in this case, for the reason that the lease was for a definite term, which had expired.

[Cleveland and Wife v. Alba.]

The decree of the chancellor is affirmed in part and reversed in part, and a decree will be here rendered dissolving the injunction only in so far as it restrains the respondents from entering upon the premises and dipping the turpentine from the boxes.

Affirmed in part, anl in part reversed and rendered.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.