4 So.2d 203

### McCLAIN v. GILBERT.

7 Div. 605.

Court of Appeals of Alabama.

Oct. 7, 1941.

Scott & Dawson, of Fort Payne, for appellant.

W. Jay Tindle, of Fort Payne, for appellee.

BRICKEN, Presiding Judge.

Appellee brought his suit in the County Court of DeKalb County, Alabama, against appellant, for damages alleged to have been sustained by him because of an assault and battery by appellant upon appellee.

The defendant filed his pleas setting up (1) the general issue of not guilty; (2) self-defense; and (3) a trespass by plaintiff upon the lands of defendant and because of the threatening conduct of plaintiff, after being ordered to leave the premises by defendant, and plaintiff's refusal to leave, the use of force by defendant, no more than was necessary, to cause the plaintiff to quit said premises of defendant.

The case was tried in the court below before a jury and resulted in a verdict for plaintiff assessing his damages at $75.

A motion for a new trial was duly made, and overruled. From the final judgment and the action of the court in overruling defendant's motion for a new trial, this appeal was taken.

The appeal is rested upon several assignments of error, but before discussing them in detail it appears desirable to state what appears to be the undisputed facts adduced upon the trial of this case in the court below.

It appears from the testimony that Harrison Gilbert, the father of plaintiff, rented a certain tract, or parcel of land, from the defendant for the year 1939, and that he planted and cultivated a certain field of corn thereon during said year. This corn was not gathered, or harvested during the year 1939, and on the 12th day of February 1940, said Harrison Gilbert, who was then confined to his bed from injuries received from being run over by a truck, sent his son Mallie Gilbert (plaintiff), Talmage Carroll and Mark Gilbert, over to the above-mentioned corn field to gather said corn then standing in said field; that while these three persons were pulling the corn McClain, the defendant, the owner of said land, accompanied by his son-in-law

Fred Handcock, and Lem Boulden, went out to this corn field and ordered the above-mentioned parties to cease pulling and piling the corn, and to get out of the field. That some words passed between the plaintiff and defendant when the defendant struck the plaintiff on his head with a stick and drew a pistol with which he was armed when he came to the field and the plaintiff, Mallie Gilbert, Talmage Carroll and Mark Gilbert, then left the field. There was a difference in the testimony for the plaintiff and that for the defendant as to how the difficulty started. According to the testimony for the plaintiff, the defendant struck the plaintiff on his head with a stick and drew a pistol on him and forced him and his help to leave the field without legal justification or excuse.

According to the testimony for the defendant, the plaintiff, before he was struck by the defendant, advanced on the defendant in a threatening manner and used opprobrious or insulting language to the defendant and that the defendant then struck the plaintiff in self-defense. The variance or conflict in the testimony made the question as to who was at fault in bringing on the difficulty, or who was the aggressor in the difficulty, and as to whether or not the defendant acted in self-defense, for the determination of the jury.

Under the law in this State a tenant, it is said, "has a reasonable time, after the termination of the tenancy, to enter upon the premises and remove emblements." Florala Sawmill Co. et al. v. J. T. Parrish & Bro. et al., 155 Ala. 462, 46 So. 461, 462. This case also determines that " 'emblements' consist of such 'annual productions of the soil as are raised by his labor, as corn, hops, flax, roots and the like.' " In all such cases what constitutes a reasonable time for the removal of emblements after the expiration of the tenancy depends upon the facts of each particular case, such as the weather, reasonable opportunity for removal, etc., to be determined by the jury.

If it be conceded that the plaintiff was not legally upon the lands of the defendant, and had no legal right to gather the crop of corn in question, still such facts alone would not have justified the defendant in assaulting and beating the plaintiff. In the case of Hendrix v. State, 50 Ala. 148, it was said: "If the true owner is deprived of the possession of his

property, by fraud, force, or any other illegality, he may lawfully reclaim and retake it, whenever he can do so without a breach of the peace. But, as is said by Blackstone, 'The public peace is a superior consideration to any one man's private property; and as, if individuals were once allowed to use private force as a remedy for private injuries, all social justice must cease, the strong would give law to the weak, and every man would revert to a state of nature; for these reasons, it is provided that this natural right of recaption shall never be exerted, where such exertion must occasion strife and bodily contention, or endanger the peace of society.' "

In the case of Miller-Brent Lumber Co. v. Stewart, 166 Ala. 657, 51 So. 943, 946, 21 Ann.Cas. 1149, it was said with respect to the doctrine declared in the case of Hendrix v. State, supra, that, "The rule rests upon a denial of the doctrine of might, and erects peaceful methods for the attainment of social justice regardless of the strength or weakness of the contenders."

To the same effect is the case of Brown et al. v. Floyd, 163 Ala. 317, 50 So. 995.

 Under the first assignment of error the appellant complains of the action of the trial court in sustaining plaintiff's objection to the question: "I will ask you whether or not Mr. Harrison Gilbert or any one else had notified you (the plaintiff) that Mr. McClain had notified Mr. Harrison Gilbert not to gather that corn?" It appears that this question called for incompetent, illegal and immaterial testimony. Under the law in this State if the plaintiff went on the defendant's land to gather corn for Mr. Harrison Gilbert, with knowledge that the defendant had notified Mr. Harrison Gilbert not to gather this corn, still this would not have justified the defendant to assault and beat the plaintiff in ejecting him from the premises, nor to go to the corn field armed with a pistol for the purpose of forcing the plaintiff to leave.

In assignments of error Nos. 3, 4, 5, 6, and 7, respectively, complaint is made by appellant as to the refusal of the trial court to give his special written charges numbered 1, 2, 3, 4 and 5, respectively. The court reporter will copy each of these charges in his report of this case.

 Charge No. 1 ignores the reasonableness of defendant's right or belief, and for this reason, if no other, the trial court did not err in refusing to give said charge. The charge in question 'also ignores freedom from fault on the part of the defendant in bringing on the difficulty, or in provoking the plaintiff to approach the defendant in a hostile or threatening manner.

 The substance of written charge 2 was fairly and substantially covered by another written charge, which is set out in this record, given at the request of the defendant. The court was under no duty to again charge the jury on this very same matter.

 Refused charge 3 does not correctly state the law. A tenant has a reasonable time after the termination of the tenancy to enter upon the rented premises and remove therefrom emblements grown by him during the tenancy.

 Refused charge No. 4 assumes as a fact that the entry of the tenant upon the premises to gather the corn in question was made at a time when the gathering of the corn would have materially damaged the land and for this reason was properly refused. Said charge also directs attention only to one phase of the testimony. If any damage was done to the land of the defendant by the tenant, for which the tenant was liable, the landlord had his remedy by a peaceful proceeding at law.

 There was no error in refusing charge No. 5. The charge is not only argumentative, it is also abstract. The matters set up in said charge did not authorize the defendant to assault and beat plaintiff and did not constitute a defense to plaintiff's suit.

There was no error in the action of the court in overruling and denying defendant's motion for a new trial.

There is no reversible error in this case. The judgment of the lower court from which this appeal was taken will stand affirmed.

Affirmed.