MURDOCK, Justice
(concurring specially).
I concur with the main opinion. I write separately to question whether resolution of the question raised by the assertion by *997 Paint Rock Turf, LLC, that Paint Rock is entitled to the sod emblements turns not, at least not per se, on whether Paint Rock’s interest in the land in the context of a bankruptcy stay should be considered a tenancy at will or a tenancy at sufferance, but instead on the issue of fault. First, there is some Alabama authority that the doctrine of emblements applies both to tenants at will and to tenants at sufferance. See First Nat’l Bank v. Federal Land Bank of New Orleans, 225 Ala. 387, 389, 143 So. 567, 568 (1932) (stating that “after default in the mortgage, the mortgagor became the tenant at will of, or a tenant at sufferance of, the mortgagee, one or the other depending upon the facts of the case, and as such was entitled to the crops”); Bates v. Bank of Moulton, 226 Ala. 679, 682, 148 So. 150, 153 (1933) (same).
Second, the Court in Gardner v. Lanford, 86 Ala. 508, 510, 5 So. 879, 880 (1889), found a tenant to be entitled to emble-ments where “the term of the lessees, contingent from its inception on the exercise of the statutory privilege of redemption by the debtor ... was itself uncertain, and, if the tender and offer to redeem were made in compliance with the law, was terminated at a time and in a manner which in legal contemplation was unexpected to the lessor and lessees.” (Emphasis added.) Likewise, in Florala Sawmill Co. v. J.T. Parrish, 155 Ala. 462, 465, 46 So. 461, 462 (1908), the Court observed that, “as between landlord and tenant, where the termination of the tenancy is uncertain, as where the lease is for life, when the tenancy is brought to an end by the happening of the uncertain event, the tenant is entitled to emblements.... ” (Emphasis added.) Query whether a termination of a tenancy due to the fault of the tenant can be “in legal contemplation ... unexpected” to the tenant and whether it is this gravamen, i.e., fault, that is dis-positive, rather than the seemingly metaphysical choice, at least in the present circumstances, between the tenancy-at-will label and the tenancy-at-sufferance label.
Other authorities consider the issue whether a tenant has lost possession as a result of his or her fault. As one treatise explains:
“It is a general rule that if one’s estate in land comes to an end at a time which he could not have previously ascertained, ivithout his fault and without any action on his part to bring about such a result, he is entitled to take the annual crops planted by him before the termination of the estate
2 Basil Jones, Tiffany Real Property § 599 (3d ed.1939) (emphasis added). See, e.g., 25 C.J.S. Crops § 16 (2012) (stating that “[t]he purpose of the emblements doctrine is to protect the interests of farmers to harvest crops on land that they planted with the expectation that its bounty would be available to them but whose possessory rights have failed through no fault of their own before time for harvesting” (emphasis added)); 141 A.L.R. 1243 (1942) (observing that “[t]he doctrine or right of emblements entitles one who holds land for a period subject to termination at a time which he cannot ascertain beforehand to remove from the land after the termination of his tenancy the annual crops or emblements which he has planted thereon prior to such termination, if the termination is brought about without any fault on his part ” (emphasis added)).
It is undisputed that Paint Rock defaulted on its mortgage obligation. I therefore agree that it was not entitled to the spd emblements in question.