(131 So. 799)

**BUCHMANN et al. v. CALLAHAN.**

6 Div. 677.

Supreme Court of Alabama.

Nov. 6, 1930.

Rehearing Denied Jan. 22, 1931.

A. A. Griffith and Earney Bland, both of Cullman, for appellants.

F. E. St. John, of Cullman, for appellee.

GARDNER, J.

Appellee sued appellants in trover for conversion of certain crops grown by one McCoy in the year 1924. The cause was tried before the court without a jury, resulting in a judgment for the plaintiff, from which defendants prosecute this appeal.

McCoy was the owner of the land on which the crops were grown and in possession when he executed to plaintiff in March, 1924, a mortgage on the crops for that year. He had, however, some years previously, on January 15, 1920, executed a mortgage to defendant Martin on the land to secure a note due January 15, 1921, which mortgage was duly recorded on the day of its execution. Said Martin, on April 29, 1924, filed a bill for the foreclosure of his mortgage on the land of January 15, 1920, and on August 2, 1924, a final decree was rendered, the land ordered sold, and a sale thereof to Martin was confirmed September 24, 1924, a deed duly executed, and Martin was placed in possession September 28, 1924, by writ duly issued out of the equity court. It was under such possession the crops were gathered, for the conversion of which this suit was brought.

In addition to the foregoing facts, it appears that Martin, in August, 1921, and after default in the payment of the mortgage, advertised the land for sale and sold the same under the power of the mortgage on October 1, 1921, becoming the purchaser at his own sale, and auctioneer's certificate issued to him but no deed was ever executed. McCoy continued in possession, no demand having been made for possession or for rent, and none promised. It was under these circumstances that on August 4, 1923, McCoy executed the instrument purporting to be a contract or note for $200; all reference to rents were in printed form, but written in the body of the instrument were the following words: "This note is given as collateral to past due interest and when paid shall be applied as such." This note was never paid and no demand therefor ever made or anything further said about rent by either party, McCoy remaining in possession. The foreclosure proceedings made no reference to any previous foreclosure under the power and McCoy made no defense thereto. At the judicial sale, the land brought less than the mortgage debt and there was a deficiency decree rendered against McCoy. The mortgage of McCoy to Martin contained the provision that upon default in the payment of the debt secured thereby the mortgagee "shall have the power to take immediate possession of the said property, and either with or without taking actual possession of the same" sell the property at public outcry upon due advertisement.

The evidence very clearly shows that Martin did not want the place, but only the money due on the mortgage, and permitted McCoy to remain in possession after the foreclosure of 1921 with the hope of having payment made on the debt, and that in fact a conversation to like effect took place at the time of the execution of the note of August 4, 1923. The trial judge reached the conclusion, and so held, that at the time of the execution of the mortgage by McCoy to plaintiff, McCoy was a tenant at will of Martin. We concur in this conclusion and think it clearly established by the proof.

In speaking of relationship of mortgagor and mortgagee as to real estate, in some of the law books and adjudicated cases the mortgagor is designated a tenant at will and in others as a tenant at sufferance. The distinguishing feature between the two is the want of consent to the continued occupancy of the tenant. A tenant at sufferance enters lawfully and holds over wrongfully without the landlord's assent or dissent. But a tenant at will holds over by the landlord's permission. 35 Corpus Juris, p. 1135. "It is * * * true that a permissive occupation for an indefinite period, without reservation of rent, is by implication a tenancy at will." Rutledge v. White, 206 Ala. 329, 89 So. 599. To like effect, see Bush v. Fuller, 173 Ala. 511, 55 So. 1000, and Wright v. Graves, 80 Ala. 416. The relationship between the mortgagor and mortgagee as recognized in this

jurisdiction is well expressed by this court in Farris & McCurdy v. Houston, 74 Ala. 162, as follows: "Whatever may be the theory of a mortgage of lands elsewhere recognized, it is settled in this State, by a line of decisions which have become essential to the safety of titles, that it is more than a security for a debt, or a mere chattel interest. 'It creates a direct, immediate estate in lands; as against the mortgagor, and those claiming in his right, a fee simple, unless otherwise expressly limited. The estate is conditional— annexed to the fee is a condition which may defeat it. The mortgagee, if in the conveyance there is not a reservation of possession to the mortgagor, until default in the performance of the condition, has the immediate right of entry, and may eject the mortgagor or his tenants. If the mortgagor is permitted to remain in possession, he is the mere tenant at will of the mortgagee. After the lawday, and default in the performance of the condition, at law, the estate is absolutely vested in the mortgagee—the estate is freed from the condition annexed to it. Nothing remains in the mortgagor but the equity of redemption, of which courts of law take no notice.' " See, also, Welsh v. Phillips, 54 Ala. 309, 25 Am. Rep. 679; American Mortgage Co. v. Turner, 95 Ala. 272, 11 So. 211; Thompson v. Union Warehouse Co., 110 Ala. 499, 18 So. 105; Hughes & Tidwell Supply Co. v. Carr, 203 Ala. 469, 83 So. 472; Metcalf v. Clemmons, 200 Ala. 243, 76 So. 9; Allen v. Sands, 216 Ala. 106, 112 So. 528; Lamar v. Johnson, 16 Ala. App. 648, 81 So. 140; 2 Jones on Mortgages (8th Ed.) §§ 891 and 860; 35 Corpus Juris, 1134, 1135.

■ There are expressions in some of our cases, notably Mortgage Co. v. Turner, supra, to the effect that the mortgager is a mere tenant at sufferance of the mortgagee, while other cases (illustrated by Hughes & Tidwell Supply Co. v. Carr, supra, and Lamar v. Johnson, supra) designate him as a tenant at will. But these expressions are to be viewed in the light of the facts and circumstances in each case, and in view of the line of demarkation between a tenant at will and by sufferance. If the mortgagor is permitted to remain in possession he is a tenant at will, but if his possession is without the mortgagee's assent or dissent, then he is a tenant at sufferance merely. 35 Corpus Juris, 1135. As said in Welsh v. Phillips, supra, "If the mortgagor is permitted to remain in possession, he is the mere tenant at will of the mortgagee," but otherwise and without such permission it follows he would be a tenant at sufferance only. Mortgage Co. v. Turner, supra.

In Thompson v. Union Warehouse Co., supra, the court evidently construed the evidence as showing the mortgagor recognized his relationship as tenant at sufferance merely, and upon default surrendered the possession to the mortgagee.

■ In the instant case, as previously noted, the proof abundantly discloses that the mortgagor remained in possession by permission of the mortgagee even after a foreclosure under the power. The evidence shows that the contract of August 4, 1923, was but an effort of the mortgagee to realize something on the mortgage debt and that in fact he desired the mortgagor to remain in possession with the hope of payment thereof. The contract, however, construed as a lease would work no material change. True, the mortgagor continued in possession, but it is optional with the landlord as to whether or not he will treat the lease as a renewal for another year. 35 Corpus Juris, 1030, 1031. Here the mortgagee declined to so consider it, but, on the contrary, in April of the following year, filed his bill in equity for a foreclosure of the mortgage, and which led to a sale and possession of the property under writ from the court. The mortgagor, therefore, continued as a tenant at will. 35 Corpus Juris, 1125. It therefore results that the mortgagor's possession was that of a tenant at will, and as such he was entitled to emblements. 2 Tiffany on Landlord and Tenant, p. 1635.

■ Our statute (section 8798, Code 1923) has been construed as applicable to such tenant at will in Lamar v. Johnson, supra, and re-enacted with such construction thereon (People's Auto Co. v. State, 23 Ala. App. 7, 121 So. 907, 908), and the mortgagor had such an interest as would authorize the execution of a mortgage on the crops to be grown thereon during that year (Metcalf v. Clemmons, 200 Ala. 243, 76 So. 9).

■ It is also a well-recognized principle that a tenant's right to emblements carries with it a right of ingress and egress to gather and remove the crops, but not the right to hold over and exclude the landlord after notice of the expiration of the tenancy. 36 Corpus Juris, 107.

■ McCoy, the mortgagor, under these principles, was a tenant at will of Martin and holding possession following the equity foreclosure proceedings. The right to emblements, however, did not confer upon him the further right to hold over the possession of the land, and Martin was entitled to the use and occupation thereof from that time. To secure to Martin compensation for such use and occupation, McCoy was authorized under section 6660, Code 1923, to execute bond for the rental value and thus retain the possession. But he did not avail himself of this statutory privilege, remaining in possession

until ousted by writ of possession issued from the equity court.

The protection accorded a tenant under section 6660, supra, as to equity proceedings is extended to actions at law, ejectment (section 7472) and unlawful detainer (section 8005, Code 1923). But the failure of McCoy to avail himself of the statute does not deprive Martin of his right to be compensated for the use and occupation, to which he was entitled for the period of his right of occupancy (Price v. Pickett, 21 Ala. 741), and for such use and occupation he had a lien on the crops. Section 8820, Code 1923. Plaintiff's mortgage on the crops was subsequent to Martin's mortgage on the land, and his rights are no greater than those of McCoy, his mortgagor. Downard v. Groff, 40 Iowa, 597; Comer v. Sheehan, 74 Ala. 452.

"Conversion is the gist of an action of trover; and to support the action there must be a concurrence of the right of property, general or special, and of possession, * * * in the plaintiff at the time of the conversion." Booker v. Jones, 55 Ala. 266. "And to constitute a conversion there must be a wrongful taking, or a wrongful detention, or an illegal assumption of ownership, or an illegal user or misuser." Beall v. James Folmar Sons & Co., 122 Ala. 414, 26 So. 1, 2; Moebes v. Garth, 210 Ala. 201, 97 So. 703.

Whatever remedy, if any, the plaintiff may have as mortgagee of these crops, we are persuaded that under the foregoing principles of law, the action of trover will not lie. Defendant Martin held possession under a writ from the equity court, and gathered the crop by virtue of such possession so obtained. The mortgagor McCoy failed to avail himself of his statutory right to protect the crop by securing Martin compensation for use and occupation, and Martin held a lien thereon for such compensation. Having such possession and holding such a lien, it cannot be said that there was any wrongful taking or detention or an illegal assumption of ownership or an illegal user or misuser. Plaintiff had neither the possession nor the immediate right of possession. The last two cited authorities are much in point in support of the conclusion that the trial court committed error in finding for the plaintiff under the facts and pleadings as here disclosed.

It results therefore that the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.