138 So. 417

### FEDERAL LAND BANK OF NEW ORLEANS v. LLOYD et al.

#### 4 Div. 606.

Supreme Court of Alabama.

Dec. 17, 1931.

C. B. Fuller, of Opp, for appellant.

THOMAS, J.

The appeal is from the refusal to appoint a receiver to gather crops in aid of pending ejectment.

The sole question was whether the allegations are sufficient to authorize the appointment of a receiver without notice.

It is shown that one of the respondents executed a mortgage to the appellant, embracing the real estate described in the bill; that there was due foreclosure under power of sale in the mortgage and the mortgagee became the purchaser, made due demand for possession on the mortgagor and his tenant under contract executed subsequent to the mortgage; that there was failure and refusal to surrender possession and ejectment was instituted for the property and claim for damages for the detention; that both of the respondents, appellees here, were insolvent; that, they were in possession, rapidly gathering and disposing of the crops, and unless a receiver was appointed appellant would lose mesne profits for the use and occupation of the land before ejectment suit could be tried and judgment rendered.

The trial court was in error in declining to appoint a receiver on the pleading and the evidence, as notes, mortgage and affidavit exhibited thereon, and the averred insolvency of respondents. American Freehold Land Mortgage Co. v. Turner, 95 Ala. 272, 11 So. 211. It is shown that there was a reasonable probability that plaintiff, asking the appointment, will ultimately succeed in obtaining the general relief sought, and that this application was in aid of the pending suit in ejectment for the recovery of land and mesne profits. Phillips v. Birmingham Industrial Co., 171 Ala. 445, 54 So. 603. See Bank of Moundville v. Walsh, 216 Ala. 116, 112 So. 438; Id., 222 Ala. 164, 132 So. 52; Buchmann v. Callahan, 222 Ala. 240, 131 So. 799. And the threatened injury is alleged to be irreparable and the appointment of a receiver necessary to preserve the statu quo. Rice v. Davidson, 206 Ala. 226, 89 So. 600.

The judgment is therefore reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.