142 So. 546

## FIRST NAT. BANK OF DOTHAN v. FEDERAL LAND BANK OF NEW ORLEANS.

### 4 Div. 658.

Supreme Court of Alabama.

June 9, 1932.

H. G. Tiller, of Geneva, and Farmer, Merrill & Farmer, of Dothan, for appellant.

B. W. Smith, of Samson, for appellee.

GARDNER, J.

We are persuaded the ruling of the trial court is fully sustained by the very recent case of Federal Land Bank v. Wilson (Ala. Sup.) 141 So. 539, 540,[1] where the pertinent authorities (to which may be added Walsh v. Bank of Moundville, 222 Ala. 164, 132 So. 52) are cited and the decisive question here presented is fully discussed. The following excerpts from that opinion will here suffice and render unnecessary further discussion of the authorities:

"The execution and recordation of a mortgage of real estate carries notice to all persons of the legal and equitable incidents thereof; the nature of the title in both mortgagee and mortgagor; the right to the possession and the usufruct. * * *

"The mortgagor, remaining in possession of lands, either by virtue of stipulations entitling him so to do, or by grace of the mortgagee, is, as to all persons other than the mortgagee, the owner of the lands. He may cultivate same, or let it to tenants, and both may gather, remove, and make use of the crops as their own, even after default, unless and until the mortgagee has entered or made demand for possession. Metcalf v. Clemmons-Powers & Co., 200 Ala. 243, 76 So. 9. The crop mortgage, under our statute, passes only the title of the mortgagor. He cannot deplete the security of the mortgage by passing a whole year's usufruct of the mortgaged property. Thompson & Co. v. Union Warehouse Co., 110 Ala. 499, 18 So. 105.

"The holders of crop mortgages executed since January 1st of the year in which crops were grown in the instant case occupy no higher position than their mortgagor. * * *

"The purchaser at foreclosure sale may allow the occupant to remain on the lands undisturbed until the end of the year, demanding payment of rent. He, rather than the mortgagor-lessor or his assigns, is entitled on demand to the rents for the year. Buchmann v. Callahan, 222 Ala. 240, 131 So. 799.

"The result of our statute is to vest in the owner of the reversion, that is, the successor to the title of the mortgagor-lessor of lands with growing crops thereon, the right to rents, not the absolute ownership of the crops."

Plaintiff in this cause sought payment of rent only and no more. The foregoing excerpts from the Wilson Case, supra, are here directly applicable, and the principles therein recognized are controlling and lead to an affirmance of the judgment rendered. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

---

[1] 224 Ala. 491.