143 So. 567

FIRST NAT. BANK OF DOTHAN v. FEDERAL LAND BANK OF NEW ORLEANS.

4 Div. 657.

Supreme Court of Alabama.

Oct. 6, 1932.

H. G. Tiller, of Geneva, and Farmer, Merrill & Farmer, of Dothan, for appellant.

B. W. Smith, of Samson, for appellee.

KNIGHT, J.

For a full understanding of this case, we deem it proper to state some of the salient facts as agreed upon by the parties.

W. D. Lassiter, the defendant in the court below, executed to the plaintiff a mortgage to secure an indebtedness of $10,500, payable ·in installments over a period of years. The ·lands are situated in Geneva county, Ala. This mortgage was recorded in the probate office of that county on the 26th day of February, 1926. The installment falling due on November 15,· 1930, was not paid when due, and remained unpaid until June 26, 1931, and on that date the mortgagee foreclosed the mortgage, and at the foreclosure sale, the mortgagee became the purchaser, and the deed on foreclosure was executed and duly recorded in the probate office of Geneva county on June 30, 1931.

On July 27, 1931, the mortgagor, being in possession of the land, attorned to the purchaser, and executed to it a rent note for $700 due and payable on October 1, 1931. This note recited that it was given for "rent for the use and occupation of the 580 acres of land situated in Geneva County, known as the W. D. Lassiter place," and which was the identical place conveyed by the above-mentioned mortgage. The said Lassiter continued in possession of said land and completed the crop then growing upon the same.

It further appears, from the agreed statement of facts, that, prior to the foreclosure of the mortgage, but during a period when the mortgagor was in default and the mortgage subject to foreclosure, the said W. D. Lassiter executed to the First National Bank of Dothan, upon sundry dates, mortgages upon the crops grown and to be grown by him during certain years, including the year 1931, on the lands covered by the mortgage to the Federal Land Bank. All of which facts were known to plaintiff at the time the rent note sued on in this action was executed. That at the time of the execution of the mortgages to the First National Bank (claimant in this suit), the said W. D. Lassiter was in possession of the lands upon which the crops were grown, and that part of the money advanced Lassiter on the crop mortgages was used in the cultivation of the crop, which is the basis of this suit. It was further admitted that the indebtedness due by said Lassiter to the First National Bank of Dothan on said mortgages was in excess of $13,000.

On the 24th day of September, 1931, the Federal Land Bank procured an attachment to be issued out of the circuit court of Geneva county against W. D. Lassiter to enforce col-

lection of the rent alleged to be due it by said Lassiter. The ground of attachment, as stated in the affidavit filed in the cause, was that the defendant (W. D. Lassiter) "has disposed of a part of the crop raised on said lands and is about to dispose of the balance."

Upon proper bond being given, a writ of attachment was issued by the clerk, and levied upon 3 bales of cotton and some 300 bushels of corn, and other crops, all of which, it was agreed, were raised during the year 1931 on the lands covered by said mortgage to the Federal Land Bank.

The First National Bank of Dothan upon the levy of this attachment, came in and filed its claim to the property levied upon as provided by section 10375 et seq. of the Code.

The court below held that the property levied upon was the property of the defendant in the attachment writ and liable to the satisfaction of the plaintiff's claim for rent.

From this finding and judgment, the claimant, the First National Bank of Dothan, prosecutes this appeal.

■ Confessedly, after the law day of the mortgage, or, to state it more accurately, after default in the mortgage, the mortgagor became the tenant at will of, or a tenant at sufferance of, the mortgagee, one or the other depending upon the facts of the case, and as such was entitled to the crops. Welsh v. Phillips, 54 Ala. 314, 25 Am. Rep. 679; Sadler v. Jefferson, 143 Ala. 669, 39 So. 380; Comer v. Sheehan, 74 Ala. 452; Hughes & Tidwell Supply Co. v. Carr et al., 203 Ala. 469, 83 So. 472.

But while a tenant at will, or a tenant at sufferance, is entitled to the crop, if the crop is sowed before proper notice to quit is given, this does not mean that he will not be held to pay a reasonable amount for the use and occupation of the lands, upon which the crops were grown. And this claim or right to a reasonable payment for the use and occupation of the land is paramount and superior to the claim of the mortgagee of the crops acquired subsequent to the mortgage on the land and which was then in default. Buchmann et al. v. Callahan, 222 Ala. 240, 131 So. 799; Price v. Pickett, 21 Ala. 741.

In the instant case, immediately upon foreclosure of the mortgage of Lassiter to the Federal Land Bank, the purchaser actively and at once, asserted his right to the possession of the mortgaged property upon which the crops were growing, and the mortgagor then in possession actually attorned to the purchaser, became his tenant in fact, agreed upon the amount of rent to be paid, and, to evidence the contract, executed a rent note to the purchaser.

■ Under the agreed statement of facts in this case, the plaintiff's lien for the agreed rent was superior to the title and claim of the First National Bank of Dothan, and the court properly so held. Federal Land Bank of New Orleans v. Wilson et al., 224 Ala. 491, 141 So. 539; Federal Land Bank of New Orleans v. Lloyd, 224 Ala. 48, 138 So. 417; Buchmann et al. v. Callahan, 222 Ala. 240, 131 So. 799.

The case of Walsh v. Bank of Moundville, 222 Ala. 164, 132 So. 52, presents quite a different case from the one now under consideration.

From what is said above it follows that we are here in full accord with the court below, and its judgment will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.