148 So. 150

## BATES v. BANK OF MOULTON.

### 8 Div. 489.

Supreme Court of Alabama.

March 30, 1933.

Rehearing Denied May 25, 1933.

Wm. L. Chenault, of Russellville, for appellee.

KNIGHT, Justice.

Suit by Bank of Moulton against J. R. Bates, commenced by attachment. On the day of the issuance of the attachment writ, the plaintiff in the attachment filed with the clerk a complaint, claiming of the defendant the sum. of $600 "for rent and advances of a tract of land known and called the John Freeman land for the years 1928, 1929 and 1930." Upon this complaint a summons was issued in all respects as if the suit had been begun by summons and complaint. A copy of this summons and complaint was served by the sheriff of Lawrence county upon the defendant on the 26th day of September, 1930.

The affidavit for attachment was made by an agent of the plaintiff before the clerk of the circuit court on September 23, 1930, but bears the date of filing as of September 24, 1930. The bond for attachment was approved by the clerk of the court on September 23, 1930, and is marked "filed" as of that date, while the attachment writ was issued on September 24, 1930.

Thereafter, and within the time for pleading, the defendant filed in the cause a motion, which is in words as follows: "Comes J. R. Bates and says specially as follows: That he is in possession of the lands described in said complaint, that said Bank of Moulton has foreclosed a mortgage made by him to said bank on said lands, and that said Bates was in possession of said lands when he executed said mortgage and is now and has been in possession of said lands ever since he executed said mortgage; said Bank of Moulton has not entered into the possession of said lands, has not brought ejectment for

John C. Forney, of Moulton, and Wert & Hutson, of Decatur, for appellant.

said lands against said defendant, and has not until he brought this suit given defendant any sort of notice that the Bank of Moulton claimed said rents and by no agreement made is said Bates a tenant of said Bank of Moulton; therefore said Bates says the attachment in this cause was issued in a cause of action not authorized and asks the court for a rule on plaintiff to show cause why said attachment be not dissolved; and prays the court to dissolve said attachment, after fixing a day for the hearing of this application, of which day the court will please give notice to all concerned including plaintiff in above cause namely The Bank of Moulton."

This motion was signed by the defendant, and duly sworn to by him. The record does not disclose that any ruling was made by the court on this motion. We may therefore dismiss this motion from further consideration in the case.

The complaint was amended by adding counts 2 and 4. The defendant filed demurrer to these added counts, and the overruling of these demurrers is made the basis of defendant's first assignment of error. However, the record shows no-ruling upon the demurrers, and appellant, therefore, can take nothing by this assignment.

The judgment entry recites that issue was joined "on grounds of attachment, and the general issue with leave as to count 2 as amended, and count 4."

The jury returned a verdict for plaintiff for "the rent for the years 1928 and 1929 and assessed the damages at $100.00," and a like verdict for plaintiff for the "rent for the year 1930, but assessed the damages at $200.00," and to the verdict the jury added these words: "We, the jury, find that the plaintiff had cause for suing out the attachment." There was judgment for plaintiff on the verdict of the jury. And from this judgment the defendant prosecutes this appeal.

The evidence in the case showed, without dispute, that under date of May 2, 1923, defendant and wife executed and delivered to the plaintiff a mortgage on certain lands in Lawrence county, Ala., to secure an indebtedness of $1,639.87, which was evidenced by a promissory note due and payable to the plaintiff on May 3, 1923. The mortgage was introduced in evidence, and in addition to the land it also conveyed personal property, including the crops to be grown on said lands during the year 1923. This mortgage remaining unpaid and in default, the Bank of Moulton, mortgagee, foreclosed, or undertook to foreclose, the same on the 29th day of June, 1927, by selling the property under the terms of the mortgage. At the sale the Bank of Moulton, mortgagee, became the purchaser. The mortgagor, Bates, was shortly thereafter notified of the purchase of the property by the plaintiff at the sale. The testimony on

behalf of the plaintiff tended to show that Bates after the foreclosure sale expressed a desire to redeem the property, and discussed with plaintiff's attorney the matter of "buying the property back, getting it arranged, getting it adjusted, taking the property back and getting it straightened out." R. M. Byars, the president of the Bank of Moulton, among other things, testified that "in the early part of the year following the foreclosure Mr. Bates came to me and wanted to rent it (the land). He just told me he would like to. I told him I didn't have the authority to rent it, it would have to be taken up with the bank committee." There was no rental contract between the plaintiff and the defendant, but there was evidence before the jury tending to show that the defendant continued in possession of the property during the years 1928, 1929, and 1930, and that during each of said years a portion of the land was cultivated. There was testimony as to the reasonable rental value of the property during said period. The testimony for the plaintiff further tended to show that, before the attachment was issued, a part of the crop grown on the land had been disposed of. There was no pretense that the defendant had paid plaintiff anything for the rent, or for the use and occupation of the land for the years 1928, 1929, or 1930.

The defendant, as a witness in his own behalf, testified that no notice to vacate or to give up possession of the land was ever given him; that he did not live on the land; that he did not rent it; and that he never had any conversation with Mr. Downing or Mr. Byars about renting it; that none of the land was cultivated in 1928, while about four acres were cultivated in 1929; that no tenants of his cultivated it; "that one of his boys volunteered to tend it"; that in 1930 some of the land was planted in cotton, corn, and cane; that the land in question adjoined his home place; and that it was "half a quarter" from the house in which he lived to the land. The defendant further testified that a man by the name of Flanigan cultivated the crop on the land in 1930, and that he (defendant) was expecting part of the rent out of Flanigan that year, and that the place was worked with defendant's teams. Defendant further testified that he did not use the land in the years 1928 and 1929.

The defendant's first objection was to the introduction in evidence by the plaintiff of the writ of attachment. The ground assigned was that there was no bond and affidavit filed at the time the writ was issued. No other ground of objection was urged. We will therefore only consider the ground assigned. The record shows that the writ was issued on September 24, 1930, and at that time the affidavit and the bond duly approved by the clerk was on file. Appellant's said objection as for the ground assigned was without

merit, and properly overruled. For like reason, the defendant's objection to the return of the sheriff, showing the levy on the crops, was overruled without error.

With reference to the foreclosure of the mortgage of Bates and wife to the Bank of Moulton, the following appears in the bill of exceptions:

"Mr. Chenault: 'We offer in evidence notice of sale of this land under the terms of the mortgage, which notice recites the description in the mortgage, and signed by the Bank of Moulton by O. O. Judy, cashier, E. B. Downing, attorney, and also recites,'

"Court: 'How does the provision of the mortgage say?'

"Mr. Chenault: 'By posting at three public places.'

"Court: 'Are you going to show that?'

"Mr. Chenault: 'Yes, sir, I am going to show that.'

"Mr. Hutson: 'We object unless they do show it.'"

E. B. Downing, witness on behalf of plaintiff, then was called to the stand and testified: "My name is E. B. Downing. I was a practicing attorney at the Moulton Bar in June, 1927, and as such attorney this mortgage (indicating) was turned over to me by the Bank of Moulton, or by its officers fore (for) foreclosure. Following that I prepared three notices to post. That notice shows the correct date on which I posted them. I posted one down here on this bulletin board in the vestibule in the court-house, and I posted one on a telephone or telegraph pole, I mean a light pole out on this road to Decatur, and came back around and posted one I think on a tree is my recollection—on a post of three out near the colored church. Those notices were identical with this (indicating); made by the same stroke of the typewriter. I put in a carbon paper and made them all at the same time. This notice says I would sell on the 29th day of June, 1927. I cried the sale under the terms of the mortgage, and under the notice given, before the court-house door at Moulton on that date.

"Here the following question was asked the witness by the plaintiff:

"Q. 'At the sale who became the purchaser?' A. 'The Bank of Moulton.'

"Court: 'Who?' A. 'Bank of Moulton.'"

The bill of exceptions then recites: "The defendant objected to the above questions and answers, the court overruled the objection, to which action of the court the defendant then and there duly reserved an exception."

■ We assume that the questions objected to were the ones asking for the name of the purchaser of the property. The objection, even if a proper ground had been assigned,

was properly overruled, coming, as it did, after the questions had been answered. Thomas v. State, 139 Ala. 80, 36 So. 734; Washington v. State, 106 Ala. 58, 17 So. 546; Sharp v. State, 193 Ala. 22, 69 So. 122; West Pratt Co. v. Andrews, 150 Ala. 368, 43 So. 348.

We do not wish to be understood, however, as holding that the notice as given complied with the provisions of the mortgage had apt and timely objections been interposed.

■ The deed on foreclosure, if any was executed, was not introduced in evidence, but, inasmuch as the legal title to the property was in the mortgagee, it was not necessary, for the purposes of this case, that one should have been made. Jackson et al. v. Tribble, 156 Ala. 480, 47 So. 310.

Upon the sale of lands, under the power contained in the mortgage, the relation of mortgagor and mortgagee was severed between the parties, and the plaintiff stands in this suit, not in the attitude of a mortgagee, but of purchaser at the foreclosure sale.

In our recent case of First National Bank of Dothan v. Federal Land Bank of New Orleans, 225 Ala. 387, 143 So. 567, 568, we had occasion to speak of the rights of a mortgagee, after the law day of the mortgage, and of a purchaser at a foreclosure sale, with respect to their claims against the mortgagor for use and occupation of the premises. In that case we held that: "After the law day of the mortgage, or, to state it more accurately, after default in the mortgage, the mortgagor became the tenant at will of, or tenant at sufferance of, the mortgagee, one or the other depending upon the facts of the case, and as such was entitled to the crops." And we also held that, while a tenant at will, or a tenant at sufferance, is entitled to the crop, if the crop is sowed before proper notice to quit is given, this does not mean that he will not be held to pay a reasonable amount for the use and occupation of the lands upon which the crops were grown. If, after default and the mortgagee's active assertion of his title to the property under his mortgage against the mortgagor, the latter continues in possession, the former is entitled to recover for use and occupation of the premises. Of course, after foreclosure, if the mortgagor continues in possession of the premises, he is to be treated as a tenant at will, or at sufferance, of the purchaser, depending upon the facts of the particular case, and as such is liable to the purchaser for use and occupation of the premises. Federal Land Bank of New Orleans v. Wilson, 224 Ala. 491, 141 So. 539; Federal Land Bank of New Orleans v. Lloyd, 224 Ala. 48, 138 So. 417; Buchmann et al. v. Callahan, 222 Ala. 240, 131 So. 799.

Plaintiff's amended complaint contains two counts, counts 2 and 4. Count 2 claimed for use and occupation of the premises for the years 1928, 1929, and 1930; each year being

subsequent to the foreclosure of the mortgage. Count 4 claimed for rent of the premises for the same years stated in count 2.

■ In its oral charge to the jury, the court charged out count 4, and instructed the jury that there could be no recovery under that count. This, then, cured any error that the court may have committed in refusing to give the jury the following charge, which for convenience we have marked X upon the record: "I charge you that if you believe the evidence you cannot find for plaintiff for rent in this case." The court fully instructed the jury that there could be no recovery for rent, and as to that count he gave the jury the affirmative charge in favor of the defendant. And the court in this connection charged the jury: "One claim is for $600.00 for use and occupation of the John Freeman farm for 1928, 1929 and 1930, and the other claim is for rent for that tract of land during 1928, 1929 and 1930. * * * Now gentlemen I am going to give you the general charge for Mr. Bates as to that count which claims rent. In other words, gentlemen, if the Bank of Moulton is entitled to anything in this case it is entitled to a sum sufficient to pay it for the use and occupation. It is the same thing as rent, and you may call it rent if you want to, but you could not find for the plaintiff under this count which claims they rented it to him under contract."

■ The defendant requested three charges, which for convenience we have lettered M, N, and O upon the record. These relate to the issuance of the attachment in this case, and they appear in the report of this case.

There was no plea in abatement of the writ, filed in the cause, and the record does not show any ruling by the court on the motion to dissolve the attachment. The judgment entry recites: "Issue joined on grounds of attachment, and the general issue with leave as to count 2 as amended, and count 4." It is true the jury, in returning their verdict, included therein the following statement: "We, the jury, find that the plaintiff had cause for suing out the attachment."

"Whether the attachment was rightly sued out, was matter of abatement only, and could only be raised by plea in abatement; and if sued out on a demand for which attachment in the particular case would not lie, the mode of reaching the defect was by a rule on the plaintiff to show cause why the attachment should not be dissolved." Brown v. Coats, 56 Ala. 439; Jordan v. Hazard, 10 Ala. 221; Gill v. Downs, 26 Ala. 670; Van Dyke v. State, 24 Ala. 81; Cain v. Mather, 3 Port. 224; Roberts v. Burke, 6 Ala. 348; Burroughs v. Wright, 3 Ala. 43; Ex parte Putnam, 20 Ala. 592.

In the case of Brown v. Coats, supra, this court held that a plea to the merits was a waiver of the defense that the attachment was not rightly sued out, and that the pleas and motion which sought to raise the question whether the attachment was rightly sued out, or whether it was sued out on a demand for which an attachment in the particular case would not lie, were foreign to the issue formed by the plea of the general issue, and they should have been entirely disregarded by the court.

In our recent case of Birmingham Purchasing Co. v. Colvin, 219 Ala. 662, 123 So. 45, 47, Mr. Justice Brown, speaking for the court, said: "In the absence of a plea in abatement, the sufficiency of the affidavit or the ground for suing out the attachment is not made an issue." Melvin v. Scowley, 213 Ala. 414, 104 So. 817; Johnston v. Hannah, 66 Ala. 127.

"If the attachment is sued out for a cause of action upon which the statute does not authorize its issuance, the proceedings being regular on their face, the appropriate method of reaching the objection that the writ will not lie is a rule upon the plaintiff to show cause against dissolution of the writ and its levy." Drakford v. Turk, 75 Ala. 339; Adair v. Stone, 81 Ala. 113, 1 So. 768.

For the foregoing reasons, if for no other, the action of the trial court in refusing defendant's charges, marked by us M, N, and O, can well be justified.

We have carefully examined each other charge requested by the defendant and refused by the court, and find no reversible error. The charges were either covered by the court in its oral charge or were otherwise faulty.

■ The plaintiff by the verdict of the jury having established its right to recover of the defendant for use and occupation of the premises for the year 1930, the plaintiff's lien upon the crops grown upon the premises for that year for the amount so fixed by the jury was thereby established. This has been the construction placed upon section 8820 of the Code by this Court. Code, § 8820; Federal Land Bank of New Orleans v. Wilson, 224 Ala. 491, 141 So. 539; Federal Land Bank of New Orleans v. Lloyd, 224 Ala. 48, 138 So. 417; Buchmann et al. v. Callahan, 222 Ala. 240, 131 So. 799; First National Bank v. Federal Land Bank of New Orleans, 225 Ala. 387, 143 So. 567; Connecticut Gen. Life Ins. Co. v. Smith, ante, p. 142, 145 So. 651.

We have in the foregoing opinion discussed all questions that have been called to our attention in brief of counsel for appellant, except the action of the court in overruling defendant's motion for a new trial, and find no reversible error.

As to the action of the court in refusing to grant defendant's motion for a new trial, we feel that we would not be justified, as for anything brought to our attention, in interfering with the verdict of the jury. There was in the case abundant evidence to sustain it.

Under the rule of Cobb v. Malone, 92 Ala. 630, 9 So. 738, we would not be justified in here disturbing the verdict.

It follows that the judgment of the circuit court will be, and is, here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.