149 So. 717

## WHITAKER v. LOHM.
### 4 Div. 971.

Court of Appeals of Alabama.
June 30, 1933.

Rehearing Denied Sept. 12, 1933.

H. R. McClintock, of Dothan, for appellant.

A. K. Merrill, of Dothan, for appellee.
Brief did not reach the Reporter.

SAMFORD, Judge.

On the 13th day of November 1928, M. A. Paramore and wife, Annie Lee Paramore, executed and delivered to Dothan National Bank a mortgage to secure an indebtedness due said bank and covering certain lands therein described, also all crops raised by mortgagors or under their direction during the years 1929, 1930, and 1931, and also all rents due or to become due to mortgagors during said years. The debt due on the mort-

gage became due November 1, 1929. The mortgagors defaulted in the payment, and the same remained in default until March 10, 1931, when the mortgage was foreclosed and bought in by the plaintiff here; all being done in accordance with the terms and provisions of the mortgage. After foreclosure of the mortgage and purchase by this plaintiff, the plaintiff, on May 7, 1931, demanded of the mortgagors in writing, possession of the mortgaged premises. No further action was taken by plaintiff until the 9th day of September 1931, when he sued out an attachment against Martin H. Paramore and which attachment was levied on five bales of cotton described and here involved; the weight and value not being in dispute.

In January, 1931, M. A. Paramore, being then and there the mortgagor in possession rented the land embraced in the mortgage to his son Martin H. for the year 1931 at and for the agreed rental of $210. Thereafter in April, 1931, Martin H. applied to claimant for advances to make a crop on said land and executed to claimant a mortgage on the crop raised and to be raised on the rented land during the year 1931. This mortgage contained the usual powers and covenants, and was due on September 1, 1931, in the amount of $135. There is no question raised as to the bona fides of any of these various transactions, and there is no question but that the cotton levied on was raised by Martin H. on the lands rented by him from his father, M. A. Paramore.

The questions really involved and litigated are the priorities arising by reason of the several transactions. The trial judge hearing the cause in the circuit court, without a jury, rendered judgment for the plaintiff.

The crop mortgage executed by the two Paramores to claimant April 1, 1931, on the crops grown on the mortgaged premises for the year 1931, was subject to the mortgage on the land given the Dothan National Bank November 13, 1928, and the purchaser at the foreclosure sale became entitled to the rights of the mortgagee. The mortgagor cannot deplete the security of the mortgage by passing a whole year's usufruct of the mortgaged property. Thompson v. Union Warehouse Co., 110 Ala. 499, 18 So. 105.

As was said in Federal Land Bank v. Wilson, 224 Ala. 491–493, 141 So. 539, 541: "Instead of bringing an ejectment suit [as might have been done in this case], the purchaser at foreclosure sale may allow the occupant to remain on the lands undisturbed until the end of the year, demanding payment of rent. He, rather than the mortgagor-lessor or his assigns, is entitled on demand to the rents for the year. Buchmann v. Callahan, 222 Ala. 240, 131 So. 799."

In this case there are no intervening rights of an innocent purchaser for value without notice. The mortgage to the Bank of Dothan was of record, and under our recording statutes the claimant was charged with notice.

We find no error, and the judgment is affirmed.

Affirmed.