164 So. 96

## ABBOTT v. FAULK.
### 4 Div. 828.

Supreme Court of Alabama.
Nov. 7, 1935.

G. A. Ward, of Geneva, for appellant.

Mulkey & Mulkey, of Geneva, for appellee.

KNIGHT, Justice.

The complaint consists of three counts, two in case and the third for money had and received. For the purposes of the case, under the facts disclosed by the record, we may treat the bill as though the third count, money had and received, was the only statement of the plaintiff's cause of action.

It appears from the bill of exceptions that W. H. Jones and wife, on the 20th day of December, 1927, to secure a loan of $1,200, executed to Mabel H. Abbott a mortgage on a certain 40-acre tract of land, lying in Geneva county, Ala., the property of said W. H. Jones. This mortgage was duly recorded in the office of the judge of probate of said county on the 23d day of December, 1927. Default was made in the payment of one or more installments of the indebtedness secured by the mortgage, and the default continuing, the mortgagee, Mrs. Abbott, advertised and sold the lands under the power of sale contained in the mortgage, on August 25, 1932. A foreclosure deed was executed to Mrs. Abbott, and this deed was also duly filed for record in the office of the judge of probate of Geneva county on August 31, 1932.

The said mortgage contained an acceleration clause, whereby, upon default being made in the payment of any one of the secured notes, the mortgagee was empowered to declare the entire indebtedness due and payable immediately, and to foreclose the mortgage. There was such default and foreclosure.

On the 26th day of August, 1932, the day after the foreclosure, the mortgagor W. H. Jones attorned to Mrs. Abbott, and executed to her a rent note in the sum of $70 for the rent of the said lands for the year 1932.

Thereafter, the said Jones delivered to the appellee four bales of cotton grown during the year 1932 on the rented lands. This cotton was sold by appellee, the defendant in the court below, some time in December, 1932, for the sum of $95.50, and the indebtedness of Jones to appellee was credited therewith.

It further appears without dispute that the said Jones executed to the appellee, on February 27, 1932, a mortgage on his entire crop to be grown during said year in Geneva county, Ala., to secure an indebtedness of $450. This indebtedness was contracted for the purpose of securing the necessary fertilizer and supplies to make the crop, and the money was so used.

However, at the time appellee took his mortgage from Jones covering the crops to be grown on the lands conveyed by the mortgage of Jones and wife to appellant, a large part of the indebtedness secured by appellant's mortgage was past due, and the mortgage, by its terms, was subject to foreclosure; all of which was fully known to appellee at the time he took his mortgage on the crops.

■ We have uniformly held that the execution and recordation of a mortgage on real estate carries notice to all persons dealing with the mortgagor of the legal and equitable incidents thereof; the nature of the title in both mortgagee and mortgagor; and the right of the mortgagee to possession and the usufruct, after the law day of the mortgage. Federal Land Bank of New Orleans v. Wilson, 224 Ala. 491, 141 So. 539.

■ After the law day of the mortgage, or after its foreclosure, there can be no doubt about the right of the mortgagee and mortgagor to enter into a contract whereby, for a stipulated rent, the mortgagor is allowed to continue in the possession and enjoyment of the premises, without violating any rights of the mortgagee of the crops, whose mortgage was taken with knowledge, actual or constructive, of the prior mortgage. In such a situation, the mortgagee landlord will have a lien for the payment of the rent claim superior to any lien or claim of the second mortgagee. This works no hardship either upon the mortgagor or upon the mortgagee of the crops, who took his mortgage with notice of the rights of the first mortgagee.

When the facts in the present case are considered, it will be seen that this case is controlled by the principles of law announced in the case of First National Bank of Dothan v. Federal Land Bank of New Orleans, 225 Ala. 387, 143 So. 567. See, also, Federal Land Bank of New Orleans v. Wilson, supra; Federal Land Bank of New Orleans v. Lloyd, 224 Ala. 48, 138 So. 417; Buchmann v. Callahan, 222 Ala. 240, 131 So. 799; First National Bank of Dothan v. Federal Land Bank of New Orleans, 225 Ala. 195, 142 So. 546; Conn. Gen. Life Ins. Co. v. Smith, 226 Ala. 142, 145 So. 651.

Under the evidence, the plaintiff was entitled to judgment against the defendant for the amount of the rent due her, namely, $70, with interest thereon from December 29, 1932. In rendering judgment for the defendant, the court below committed error necessitating a reversal of the judgment.

It appears that the case was tried by the lower court without a jury, and we will reverse the cause, and here enter the judgment that the court below should have rendered.

It is therefore ordered that plaintiff have judgment against the defendant for the sum of $70, with interest thereon from December 29, 1932. It is so ordered.

Reversed and rendered.

GARDNER, BOULDIN, and FOSTER, JJ., concur.