26 So.2d 908

## MILLER et al. v. FAUST.

### 4 Div. 392.

Supreme Court of Alabama.

June 29, 1946.

Rehearing Denied Aug. 2, 1946.

W. R. Martin, of Ozark, for appellants.

Alto V. Lee, III, and Jas. L. Tindell, both of Dothan, for appellee.

LAWSON, Justice.

Appellee, R. L. Faust, brought this suit in the Circuit Court of Dale County against the appellants, to recover the sum of $300, which he claims is due him for the use and occupation by appellants of a certain tract of land described in the complaint. The complaint was filed on the 17th day of October, 1943, and appellants were served on the 17th day of November, 1943.

On November 17, 1943, a writ of attachment was issued on affidavit made by plaintiff, Faust. The sheriff of Dale County, in compliance with the attachment writ, levied on about three hundred bushels of peanuts valued at $450. Defendants executed bond and replevied the property levied upon by the sheriff.

On December 17, 1943, defendants filed what is termed an answer to the complaint wherein they say: (1) Not guilty; (2) they each deny the truth of the averments as contained in the bill of complaint, and each says that same are not true; (3) each denies that the lands mentioned in the bill of complaint, and set out in full in said bill of complaint, are the property of the said R. L. Faust, complainant, or that they belong to him, but on the contrary they each say that the lands described and set out are the property of and in possession of the defendants.

The cause came on for trial on February 19, 1945. The trial court at the request of plaintiff gave the affirmative charge with hypothesis in his favor and denied a like charge requested by defendants. There was verdict and judgment for plaintiff in the amount of $200.

The evidence is without dispute as to the use and occupation of the lands by defendants from the first day of October, 1939, to the first day of October, 1943, the period of time involved in this suit. The fair and reasonable rental value of the said lands was conclusively shown to have been from $75 to $100 per year.

The defendants, appellants, contend that the trial court erred in giving the affirmative charge as requested by plaintiff for the reason that plaintiff did not show that the property belonged to him nor that the relationship of landlord and tenant existed between the parties and that therefore the plaintiff could not recover under the provisions of § 46, Title 31, Code of Alabama 1940, which provides that a reasonable satisfaction may be recovered for the use and occupation of land in the instances therein enumerated.

It is plaintiff's contention that he is the owner of the lands by virtue of having purchased them at mortgage foreclosure sale. He testified that shortly after he purchased the property at the foreclosure sale he made written demand upon the defendants for possession but that this demand had been refused and that he had not been in actual possession of the property.

It is now well setled in this jurisdiction that, after foreclosure, if the mortgagor continues in possession of the premises, he is to be treated as a tenant at will, or at sufferance, of the purchaser, depending upon the facts of the particular case, and as such is liable to the purchaser for use and occupation of the premises. Buchmann et al. v. Callahan, 222 Ala. 240, 131 So. 799; Federal Land Bank of New Orleans v. Lloyd et al., 224 Ala. 48, 138 So. 417; Federal Land Bank of New Orleans v. Wilson et al., 224 Ala. 491, 141 So. 539; First Nat. Bank of Dothan v. Federal Land Bank of New Orleans, 225 Ala. 387, 143 So. 567; Bates v. Bank of Moulton, 226 Ala. 679, 148 So. 150.

The only evidence offered by plaintiff which in any way tends to show that he is the owner of the property here involved or that the relationship of landlord and tenant existed between him and defendants, was a mortgage foreclosure deed which was introduced in evidence as plaintiff's Exhibit A.

The said foreclosure deed contains the following recitals of facts which are here material. The defendants on February 6, 1931, executed a mortgage on the property involved in this suit to Riley Trade and Finance Company, a corporation. The mortgage and the debt thereby secured was, with all rights and powers of foreclosure therein contained, transferred and assigned by the said mortgagee to plaintiff, in February of 1936. The said mortgage author-

ized and empowered the mortgagee or its assignee, in case of default, to take possession of said property and to sell it at public outcry, for cash, to the highest bidder, without giving notice of the time, place and terms of sale and contained the further provision that in case of sale in accordance with the power, authority and manner contained in the mortgage, that the person selling the said property could execute title to the purchaser at the sale in the name of the mortgagors. There was default in the payment of the mortgage debt at maturity and the property was sold at public outcry in all respects as was provided in the mortgage, the foreclosure sale being conducted in front of the courthouse door of Dale County, Alabama, on the 21st day of December, 1936. Faust, plaintiff here, the assignee of the mortgage, purchased the property for the sum of $300, his bid being the highest and best bid made. Plaintiff as attorney in fact for the mortgagors and as assignee of the mortgage made the deed to himself. The said foreclosure deed was acknowledged before a justice of the peace of Dale County on the 21st day of December, 1936. It was not recorded in the office of the probate judge of that county until November 17, 1943, which was approximately one month after the complaint in this suit was originally filed.

We do not think that the recitals of fact as set out in the mortgage foreclosure deed are sufficient to show ownership of the lands here involved in the plaintiff. The mortgage itself was not introduced in evidence nor is there any evidence to show what powers were contained in the mortgage other than the recitals contained in the foreclosure deed, which was executed by the plaintiff to himself.

Recitals in a foreclosure deed that the powers contained in a mortgage have been complied with are prima facie evidence of such compliance as against the mortgagor and his privies. Naugher v. Sparks, 110 Ala. 572, 18 So. 45; Williamson v. Mayer Bros., 117 Ala. 253, 23 So. 3; Johnson et al. v. Wood et al., 125 Ala. 330, 28 So. 454, 456; Clark v. Johnson et al., 155 Ala. 648, 47 So. 82; Jackson et al. v. Tribble, 156 Ala. 480, 47 So. 310; Harton v. Little et al., 176 Ala. 267, 57 So. 851; Dinkins et al. v. Latham, 202 Ala. 101, 79 So. 493; Ivy v. Hood, 202 Ala. 121, 79 So. 587; Union Bank & Trust Co. v. Royall, 226 Ala. 670, 148 So. 399; Wilson v. Federal Land Bank of New Orleans, 230 Ala. 75, 159 So. 493; Elson v. Pridgen, 241 Ala. 233, 2 So.2d 110. But those cases are not authority for the proposition that the mere recital in a foreclosure deed that the mortgagor executed a mortgage containing certain stipulated powers is prima facie evidence of the fact that a mortgage was in fact executed containing such powers. Bradway et al. v. Miller, 200 Mich. 648, 167 N.W. 15.

Inasmuch as the plaintiff's right to recover in this case is predicated solely on the fact that he became the purchaser of the property at mortgage foreclosure sale, it was incumbent upon him to introduce the mortgage in evidence showing the powers of sale contained therein. If this had been done the foreclosure deed would these defendants (the alleged mortgagors) that the sale had been conducted in accordance with the powers of sale contained in the mortgage.

In view of the foregoing, we are of the opinion that the trial court erred in giving the general affirmative charge requested by the plaintiff and in refusing the general affirmative charge as requested by defendants.

Reversed and remanded.

All the Justices concur.